Thomas L. LUDWIG, Petitioner–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 97–3466.

United States Court of Appeals,
Sixth Circuit.

Submitted Sept. 24, 1998.

Decided Dec. 21, 1998.

J. Matthew Cain, Asst. U.S. Atty. (briefed), Cleveland, Ohio, for Defendant–Appellee.

Thomas L. Ludwig (briefed), Fort Myers, Florida, Petitioner–Appellant pro se.

Before: NORRIS, BATCHELDER, and BRIGHT,* Circuit Judges.

## OPINION

ALAN E. NORRIS, Circuit Judge.

In 1992 Thomas Ludwig pleaded guilty to several counts of a thirty-eight count indictment that charged him, his wife, and daughter with drug trafficking, money laundering, and tax evasion. He now appeals the district court's denial of his motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255.

We vacate the district court's decision and remand for rehearing to determine whether petitioner asked counsel to perfect an appeal in this case.

## I.

According to the count of the indictment to which petitioner pleaded guilty, he and his family engaged in a conspiracy to manufacture and distribute methamphetamine from approximately 1985 to 1991. He also pleaded guilty to six counts of tax evasion, 26 U.S.C. § 7201, for failure to pay income tax between 1985 and 1990 despite the fact that he earned approximately $991,100,000 during that period.

Indicted in March 1992, petitioner entered into a plea agreement the following July. In addition to entering pleas on the seven counts just mentioned, petitioner agreed to forfeit considerable property to the government in exchange for a recommendation that he receive a two-point reduction for acceptance of responsibility and a sentence at the lower end of the guidelines' range. The district court ultimately sentenced petitioner to 121 months of imprisonment and three years of supervised release.[1]

A change of plea hearing occurred on July 13, 1992. During the hearing, petitioner acknowledged a number of things, including that he was under oath, he was waiving his right to a trial, he had not taken any drugs or alcohol for twenty-four hours, he had discussed the plea with his counsel and was satisfied with the representation, and he understood the plea agreement. The court then read the counts of the indictment to which petitioner chose to plead guilty and petitioner indicated that he was guilty as charged.

Petitioner took no direct appeal. In 1996, however, he filed a motion to vacate for several reasons: (1) certain evidence seized from his California home should have been suppressed prior to his guilty plea; (2) the Speedy Trial Act was violated; (3) he was not competent to enter a plea; (4) there was

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The petitioner is now 65 years old. He had no prior criminal record.

an inadequate factual basis for his plea; and (5) he received ineffective assistance of counsel.

The district court denied these claims, basing its decision in large part upon petitioner's failure to raise the issues either in the district court or on direct appeal.

## II.

### 1. Suppression of Evidence

In 1992, the trial court overruled petitioner's motion to suppress evidence seized from his home pursuant to a search warrant. He now argues that there was no probable cause to support the warrant. Petitioner entered an unconditional guilty plea but failed to file a direct appeal as to the suppression issue. He thus seeks to collaterally attack his conviction.

It is well established, however, that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.' " *Bousley v. United States,* — U.S. —, —, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (citations omitted). Petitioner has not demonstrated cause and prejudice or actual innocence. Thus, habeas relief does not lie with respect to his suppression of evidence claim.

### 2. Speedy Trial Rights

Petitioner admits that he waived his rights under the Speedy Trial Act, but contends he was suffering anxiety, depression, alcohol dependency, and was on mood altering drugs. Petitioner's Speedy Trial Act claim, like his suppression of the evidence claim, is also procedurally barred. We have explicitly held that failure to preserve a Speedy Trial Act challenge by entering into a conditional guilty plea effectively waives the issue for appeal. *United States v. Pickett,* 941 F.2d 411, 416–17 (6th Cir.1991). Petitioner has failed to show cause and prejudice or actual innocence, and thus his claim is barred.

### 3. Competency to Enter a Plea and Factual Basis of Plea

Petitioner next contends that he was not competent to enter a guilty plea because "he had been suffering drug and alcohol abuse." He cites his presentence report which indicated that he had been seeing a psychiatrist for anxiety and had been prescribed medication. Petitioner also contends that the district court did not adequately establish a factual basis for his plea. Once again, however, petitioner failed to raise these issues on direct appeal. Since he has not demonstrated cause and prejudice or actual innocence, petitioner's claims are procedurally barred.

### 4. Ineffective Assistance

Finally, petitioner contends that he received constitutionally ineffective assistance of counsel in several respects: (1) counsel failed to make use of a video tape interview with a tenant farmer on petitioner's California property who allegedly stated that the "drug factory" belonged to him; (2) counsel did not make an issue of petitioner's competency; (3) counsel neglected the Speedy Trial Act; and (4) despite a request by petitioner, counsel failed to file a direct appeal.

To make out an ineffective assistance of counsel claim, a petitioner must demonstrate deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686, 104 S.Ct. 2052. In the context of a guilty plea, the Supreme Court has assessed an ineffective assistance claim by defining prejudice as a showing that a reasonable probability exists that, but for counsel's errors, defendant would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

The district court rejected petitioner's claim of ineffective assistance. It stated that

"[t]he fact that Ludwig. has never claimed innocence creates the presumption that his attorney's performance did not create the prejudice required by *Strickland*." The district court went on to find that petitioner was competent to enter a plea and, by extension, counsel was not ineffective for not pursuing the competency issue. The court did not address petitioner's claim that counsel failed to file a notice of appeal.

■ We agree that petitioner's ineffective assistance claim fails in most respects. First, as already discussed, many of the "issues" that counsel failed to pursue were without merit. Petitioner was competent to understand and to elect to enter a plea; counsel obtained petitioner's consent to waive the provisions of the Speedy Trial Act; and the video tape does not exonerate petitioner of the conspiracy charge. Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.

■ However, with respect to counsel's failure to file a notice of appeal, every Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

In explaining why the defendants in *Castellanos* were denied effective assistance of counsel because their counsel failed to perfect an appeal, Judge Easterbrook observed:

> Neither [of the defendants] has had legal representation when seeking relief.... No one has looked at the record with an advocate's eye. Although the district judges conscientiously tried to imagine

what a lawyer might have done, an advocate often finds things that an umpire misses—especially when the umpire is asking whether the court of appeals was likely to reverse his own decision. Few district judges believe that their decisions are likely to be overturned; if they believed that, they would have done things differently in the first place.

*Castellanos*, 26 F.3d at 718. We agree with Judge Easterbrook that application of the *Strickland* prejudice component is inappropriate because it means "that the defendant never receives the benefit of a lawyer's services in constructing potential appellate arguments." *Id.* Prejudice must be presumed.

A lawyer's failure to file a requested appeal at the behest of a defendant is particularly problematic because it does not merely deprive the defendant of effective assistance of counsel, it deprives him of the assistance of any counsel altogether. Thus, the failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal.

■ We emphasize, of course, that a defendant's actual "request" is still a critical element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request. *Morales v. United States*, 143 F.3d 94, 97 (2d Cir.1998); *Castellanos*, 26 F.3d at 719.

### III.

We **vacate** the district court's order and **remand** this cause for a determination of whether petitioner actually asked counsel to perfect an appeal. Should the district court determine that the request was made, but disregarded by counsel, so that petitioner was denied effective assistance of counsel, then petitioner will be entitled to a delayed appeal.