**Sandra E. SLATER**

v.

**UNITED STATES of America.**

**No. 397–0938.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 11, 1999.

Joseph F. Edwards, Cookevile, TN, for petitioner.

Debra Phillips, Nashville, TN, for respondent.

*MEMORANDUM*

CAMPBELL, District Judge.

I. *Introduction*

Pending before the Court is a Motion To Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket No. 1). For the reasons set forth below, the Court GRANTS the Motion. Accordingly, the Court vacates its Judgment In A Criminal Case, filed in Case No. 3:96–00012 (Docket No. 39), and reenters the Judgment as of the date of entry of this Order. The Clerk is directed to file a copy of this Memorandum and Order in Criminal Case No. 3:96–00012.

II. *Procedural and Factual Background*

On February 7, 1996, Petitioner was indicted for knowingly and intentionally possessing over five kilograms of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). (Indictment filed in *United States of America v. Sandra Slater,* Case No. 3:96–00012 (Docket No. 14) (hereinafter cited as "Criminal Case Docket No. ___)"). On May 2, 1996, Petitioner entered a plea of guilty to Count One as charged. (Criminal Case Docket No. 27).

The Court held a sentencing hearing on August 22, 1996. (Criminal Case Docket

Nos. 37; 61). At the sentencing hearing, the Petitioner was sentenced to the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) of 120 months, and five years of supervised release. (Transcript of sentencing hearing, at 18–19 (Criminal Case Docket No. 61)); Judgment, at 2, 3 (Criminal Case Docket No. 39).

Petitioner did not directly appeal the conviction or sentence. About six months after the sentencing hearing, Petitioner filed with the Court a copy of a letter to her trial counsel requesting that he file an appeal of her case. (Criminal Case Docket No. 46). On March 31, 1997, Petitioner filed a Motion Requesting Removal Of Appointed Counsel For Cause(s)—Motion Requesting Appointment of Counsel. (Criminal Case Docket No. 52). After determining that Petitioner was financially unable to pay counsel, the Court relieved Petitioner's trial counsel and appointed the Federal Public Defender's Office to represent her. (Criminal Case Docket Nos. 54, 57).

About five months later, substitute counsel filed a Motion to Withdraw stating that the Petitioner did not have grounds for an appeal or a motion to vacate sentence under 28 U.S.C. § 2255. (Criminal Case Docket No. 64). The Court subsequently granted the motion to withdraw. (Criminal Case Docket No. 66). In the meantime, Petitioner filed this action seeking to vacate her sentence under 28 U.S.C. § 2255. (Criminal Case Docket No. 70).

In her Section 2255 Motion, Petitioner claims that her trial counsel, Lionel Barrett, was ineffective because he failed to request a four-level decrease for being a minimal participant in the offense; he was not present when she was debriefed by

Drug Enforcement agents; he did not advise her that she was subject to a mandatory minimum sentence until shortly before the sentencing hearing; and he failed to file an appeal on her behalf.[1] (Docket No. 8). Petitioner also complains of substitute counsel's (Caryll Alpert) failure to file an appeal. (Id.).

The Government filed an initial brief addressing the issues raised by the Motion. (Docket No. 9). The Court then issued an Order requiring the Government to file a supplemental brief addressing the applicability of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Freels v. Hills, 843 F.2d 958 (6th Cir.1988); and Allen v. United States, 938 F.2d 664 (6th Cir.1991) to Petitioner's claim that her attorneys were ineffective for failure to file a direct appeal on her behalf. (Docket No. 13).[2]

In its supplemental brief, the Government stated that a hearing was necessary to determine whether the Petitioner requested her trial counsel, Mr. Barrett, to pursue an appeal. If the Court determined that the request was made, the Government suggested that counsel be appointed to assist Petitioner in filing an Anders brief presenting her position on the issues. (Docket Nos. 15).

Through subsequent orders, the Court appointed counsel for Petitioner (Docket No. 21), and permitted the parties to depose Mr. Barrett and Ms. Alpert. (Docket Nos. 30, 31, 32). The parties have now filed the depositions, and have filed an Agreed Order indicating that the case is ready for decision. (Docket Nos. 35).

1. Petitioner is no longer pursuing her claim that trial counsel failed to request dismissal of the indictment. (Docket No. 12).

2. These cases discuss the requirement set forth in Anders that when a criminal defendant requests that his or her attorney file an appeal, counsel must examine the case to determine whether the appeal is frivolous. Anders, 87 S.Ct. at 1400, 87 S.Ct. 1396; Penson, 109 S.Ct. at 350. If so, counsel must move to withdraw, and submit a brief referring to anything in the record that might arguably support the appeal. Id. If the court disagrees with counsel, and determines there are nonfrivolous issues for appeal, it must provide the indigent defendant with counsel to argue the appeal. Id.

Because the Court concludes that Petitioner is entitled to relief on her claim that Mr. Barrett was ineffective for failing to file an appeal, it is unnecessary to address the other claims raised in Petitioner's Motion.

### III. *Analysis*

#### A. *The Section 2255 Remedy*

 Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[3] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299–300, 129 L.Ed.2d 277 (1994); *Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir.1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, exhibits, and records filed by the parties in this case.

#### B. *Ineffective Assistance of Counsel*

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice

resulted from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir.1994).

In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S.Ct. at 2065. In order to show actual prejudice in the guilty plea context, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985).

 When a petitioner alleges his or her counsel failed to file an appeal, however, prejudice is presumed. As the Sixth Circuit recently explained:

> ... every Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not ... We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998) (citations omitted). Accordingly, the court determined, application of the *Strickland* prejudice component is inappropriate because it means "'that the defendant never receives the benefit of a lawyer's services in constructing potential appellate arguments.'" *Id.* (citation omitted). In such cases, prejudice is presumed. *Id.*

---

**3.** 28 U.S.C. § 2255 states, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The court noted, however, that the Sixth Amendment is not implicated unless the defendant actually requests an appeal, and counsel disregards the request. *Id.*

In several documents filed with the Court, Petitioner has stated that Mr. Barrett failed to respond to her request that he file an appeal. (Docket Nos. 1, 8, 12; (Criminal Case Docket Nos. 52, 55, 62)).[4] On the other hand, in his deposition, Mr. Barrett stated that though he did not believe the Petitioner had any appealable issues to pursue, he could not specifically recall whether she asked him to file an appeal. (Deposition of Lionel Barrett, at 7, 9–10, 26 (Docket No. 35)). "I would have to probably defer to her memory on that," he said. (Barrett Deposition, at 9).

■ Given Petitioner's affirmative statement that she requested an appeal, and that Mr. Barrett simply cannot recall, the Court finds that Petitioner actually made the request, and Mr. Barrett disregarded that request. Accordingly, the Court concludes that Mr. Barrett's failure to file an appeal on Petitioner's behalf was *per se* ineffective assistance of counsel.[5]

The remedy for this violation is to grant Petitioner a delayed appeal. *Ludwig,* 162 F.3d at 459. Accordingly, the Court vacates its Judgment In A Criminal Case, filed in Case No. 3:96–00012 (Docket No. 39), and reenters the Judgment as of the date of entry of this Order. *See e.g., United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993) (Case remanded with instructions to vacate judgment of conviction and enter a new judgment from which an appeal can be taken); *United States v. Pearce,* 992 F.2d 1021, 1023 (9th Cir.1993) (Case remanded with instructions to vacate and reenter judgment of conviction so that defendant may timely file notice of appeal).

**4.** The Government has not sought to depose the Petitioner.

**5.** The Court is not persuaded, however, that Ms. Alpert's failure to file an appeal rendered her assistance ineffective. Ms. Alpert was

Petitioner's current counsel, Joseph F. Edwards, shall represent Petitioner on appeal.

It is so ORDERED.

appointed to represent the Petitioner approximately eight months after Petitioner was sentenced. (Criminal Case Docket Nos. 39, 57). At that point, the deadline for filing an appeal had long passed. Fed.R.App.P. 4(b).