Donald B. THOMPSON, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 01–3244.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2002.

Before MOORE and GILMAN, Circuit Judges; ROSEN, District Judge.*

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Donald B. Thompson appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, Thompson pleaded guilty to knowingly and intentionally possessing with the intent to distribute 179.56 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Thompson to 188 months of imprisonment and five years of supervised release. Thompson did not appeal.

On April 30, 1997, Thompson moved the court to vacate his sentence pursuant to 28 U.S.C. § 2255. In his motion, Thompson claimed that: 1) he received ineffective assistance of counsel because counsel failed to institute an appeal as directed; 2) he was not given retroactive application of an amendment to the sentencing guidelines which would have afforded him a one-point reduction in the offense level; 3) counsel rendered ineffective assistance by allowing him to plead guilty to possession of crack cocaine, rather than powder cocaine; 4) his guilty plea was not made voluntarily and knowingly; and 5) the trial court failed to address whether he had an opportunity to read the presentence report prior to sentencing.

The magistrate judge recommended that Thompson's motion be granted to the extent that Thompson claimed that his trial counsel was ineffective for failing to file an appeal on his behalf, and recommended that the district court grant relief limited to the right to pursue a delayed direct appeal to the Sixth Circuit (claim number one). The magistrate judge recommended that the remaining claims (two through five) for relief be dismissed without further proceedings. The district court adopted the magistrate judge's report and recommendation to the extent that it recommended dismissal of claims two through five. The district court declined to adopt the report and recommendation to the extent that it recommended that Thompson be granted a delayed direct appeal concerning the first claim advanced in the petition. The district court denied Thompson's motion to vacate and found no basis upon which to issue a certificate of appealability.

This court denied Thompson's application for a certificate of appealability with respect to claims enumerated two through five, but granted a certificate of appealability with respect to whether counsel rendered ineffective assistance by not filing a timely notice of appeal (claim number one).

On appeal, Thompson reasserts that trial counsel rendered ineffective assistance by failing to file a notice of appeal.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637–638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

To establish ineffective assistance of counsel, a petitioner must show both that his attorney's performance was deficient and that his defense was prejudiced by counsel's alleged errors. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show that his attorney performed deficiently, Thompson would need to demonstrate either (1) that the attorney disregarded his instructions to file a notice of appeal, or (2) that the attorney failed to consult with him about an appeal when counsel knew or would have known that he might want to appeal. *See Roe v. Flores–Ortega,* 528

U.S. 470, 477–78, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Thompson contends that he advised his counsel that he wished to file an appeal. Counsel has a duty to file a timely notice of appeal if requested to do so by his or her client. *Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir. 1998); *cf. United States v. Smith,* 387 F.2d 268, 270 (6th Cir.1967) (per curiam) (recognizing similar duty under Criminal Justice Act, 18 U.S.C. § 3006A(c)). A lawyer who advises his client about the advantages and disadvantages of taking an appeal, and disregards specific instructions from the defendant to file a notice of appeal, acts in a professionally unreasonable manner. *Roe,* 528 U.S. at 478, 120 S.Ct. 1029. In a situation where counsel has not consulted with the defendant regarding an appeal, the issue is whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Id.*

■ Upon review, we conclude that counsel's performance was not constitutionally deficient. Thompson averred that he told trial counsel to file a notice of appeal. In a contradictory affidavit, trial counsel averred that he negotiated a plea agreement, that Thompson consented not to pursue a motion to suppress evidence, that Thompson agreed to an unconditional plea of guilty to one count of the indictment, that he consulted with Thompson regarding an appeal, and that Thompson did not ask him to file an appeal. Thus, conflicting evidence exists in the record as to whether Thompson did, in fact, inform his counsel of his desire to appeal. Even if one assumes for the sake of argument that trial counsel did not consult with Thompson, counsel's performance was not deficient because counsel did not have an obligation to consult with Thompson given the circumstances of the case. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe,* 528 U.S. at 480, 120 S.Ct. 1029. Relevant factors in this inquiry are: 1) whether the conviction follows a trial or a guilty plea; 2) whether the defendant received the sentence bargained for; and 3) whether the plea expressly reserved or waived some or all appeal rights.

In Thompson's case, he pleaded guilty pursuant to a negotiated plea agreement, thereby reducing the scope of potentially appealable issues and indicating his desire to end judicial proceedings. Thompson received what he bargained for inasmuch as he pleaded guilty to one count of the indictment in exchange for the government dismissing a second count. Finally, Thompson waived any suppression of the evidence issue by unconditionally pleading guilty. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir.1991). In addition, Thompson waited nearly five years after sentencing before asserting in his motion to vacate that he told counsel to file a notice of appeal. During that time, Thompson did not seek to file a belated appeal. Thompson's long delay demonstrates no interest in an appeal. Thus, the district court properly determined that a rational defendant would not have desired an appeal or that Thompson insufficiently demonstrated to trial counsel an interest in an appeal, and counsel did not have a constitutionally imposed duty to consult with Thompson about an appeal.

■ Even if counsel's performance was constitutionally deficient, Thompson cannot show prejudice in these circumstances.

To show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Roe*, 528 U.S. at 484, 120 S.Ct. 1029. Thompson cannot show any nonfrivolous grounds for appeal, he did not seek to file a belated appeal, and he waited an extraordinarily long time before asserting his right to appeal. Thus, there are no substantial reasons to believe that he would have appealed.

Accordingly, the district court's judgment is hereby affirmed for the reasons set forth in the court's memorandum opinion and order of November 28, 2000.