**Eric CROSS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–5489.

United States Court of Appeals, Sixth Circuit.

Sept. 8, 2003.

April R. Goode, Asst. F.P. Defender, Office of the Federal Public Defender, Memphis, TN, for Petitioner–Appellant.

Scott F. Leary, Asst. U.S. Attorney, U.S. Attorneys Office, Memphis, TN, for Respondent–Appellee.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

## ORDER

This federal prisoner, through counsel, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The parties expressly waive oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Eric Cross pleaded guilty to three counts of distributing cocaine. The district court sentenced Cross to seventy-two months of imprisonment and three years of supervised release. Cross did not take a direct appeal.

In his § 2255 motion, Cross claimed: 1) the government improperly aggregated the drug amounts for three separate offenses in order to trigger a ten-year mandatory-minimum sentence; 2) trial counsel was ineffective in failing to object to the aggregation of these drug amounts, and 3) trial counsel was ineffective in failing to file a notice of appeal. The district court denied relief on issues numbered one and two but ordered a hearing and appointed counsel to represent Cross on issue three. Through counsel, Cross supplemented his original § 2255 motion to add a fourth

claim that trial counsel was ineffective in persuading Cross to waive an objection to the denial of a USSG § 5K1.1 motion "in favor of a more substantial and later motion pursuant to Rule 35."

Following a lengthy evidentiary hearing, the district court denied § 2255 relief as to all issues. The court granted Cross a certificate of appealability on the following issues: 1) whether trial counsel was ineffective in failing to file a notice of appeal, and 2) whether counsel was ineffective in persuading Cross to waive an objection to the denial of a § 5K1.1 motion "in favor of a more substantial and later motion pursuant to Rule 35." This court denied Cross a certificate of appealability as to the uncertified issues.

On appeal, Cross reasserts the claims as certified for appeal by the district court.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

■ To establish ineffective assistance of counsel, a petitioner must show both that his attorney's performance was deficient and that his defense was prejudiced by counsel's alleged errors. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show that his attorney performed deficiently, Cross would need to demonstrate either (1) that the attorney disregarded his instructions to file a notice of appeal, or (2) that the attorney failed to consult with him about an appeal when counsel knew or would have known that he might want to appeal. *See Roe v. Flores–Ortega,* 528 U.S. 470, 477–78, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Cross contends that he advised his counsel that he wished to file an appeal. Counsel has a duty to file a timely notice of appeal if requested to do so by his or her client. *Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998); *cf. United States v. Smith,* 387 F.2d 268, 270 (6th Cir.1967) (per curiam) (recognizing similar duty under Criminal Justice Act, 18 U.S.C. § 3006A(c)). A lawyer who advises his client about the advantages and disadvantages of taking an appeal, and disregards specific instructions from the defendant to file a notice of appeal, acts in a professionally unreasonable manner. *Roe,* 528 U.S. at 478, 120 S.Ct. 1029.

Upon review, we conclude that trial counsel's performance was not constitutionally deficient. Cross testified that he told trial counsel to file a notice of appeal. Trial counsel testified that he and Cross discussed an appeal, but that he advised Cross that at that point, no basis for a successful appeal existed. Counsel testified that Cross did not request that he file a notice of appeal. Thus, conflicting testimony exists in the record as to whether Cross did, in fact, inform his counsel of his desire to appeal. The district court credited defense counsel's testimony and concluded as a matter of fact that Cross did not ask his attorney to file a notice of appeal. The court's findings of fact are not clearly erroneous.

In Cross's case, the record reveals that he pleaded guilty pursuant to a negotiated cooperation agreement, thereby reducing the scope of potentially appealable issues, indicating his desire to end judicial proceedings, and strongly indicating his desire to receive a reduction in his prison sentence by a motion under USSG § 5K1.1 or Fed.R.Crim.P. 35. Cross received much of what he bargained for inasmuch as he pleaded guilty, was given the benefit of a three level reduction for acceptance of responsibility, and was sentenced to seventy-two months while the guideline range provided for a bottom end of seventy months. Thus, there was almost nothing to appeal.

Finally, Cross waited nearly eight months after sentencing before asserting in his motion to vacate that he told counsel to file a notice of appeal. During that time, Cross did not seek to file a belated appeal. Cross's long delay demonstrates no interest in an appeal until it dawned on him that the government would not be moving for a reduction of his prison sentence. Thus, the district court properly determined that Cross insufficiently demonstrated to trial counsel an interest in an appeal.

■ The district court properly determined that counsel was not ineffective in persuading Cross to waive an objection to the denial of a § 5K1.1 motion in favor of a more substantial and later motion pursuant to Rule 35. Cross admitted that he knew that it was within the discretion of the government to move for a reduction of his prison sentence. He entered into a negotiated cooperation agreement to that effect. The only possible objection available to one hoping for—but not receiving—a § 5K1.1 reduction, is that the government withheld its motion for a reduction based on an unconstitutional motive. *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998). The government's decision may not be reviewed for bad faith. *United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000). Cross does not assert that the government's failure to file a § 5K1.1 motion was based upon an unconstitutional motive, and an independent review of the record reveals no evidence that the government's failure to file a § 5K1.1 motion was so motivated. Therefore, counsel was left with nothing upon which to base an objection, and his performance cannot be said to have been deficient. Thus, counsel did not render ineffective assistance.

Accordingly, the district court's judgment is hereby affirmed.