Stephen L. CARRION, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 03–3046.

United States Court of Appeals, Sixth Circuit.

Aug. 17, 2004.

Suzanna Kostovski, Detroit, MI, for Petitioner–Appellant.

Blas E. Serrano, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Respondent–Appellee.

Before RYAN and COOK, Circuit Judges, and CLELAND, District Court Judge.[*]

COOK, Circuit Judge.

Stephen Carrion appeals the district court's dismissal of his motion to vacate sentence under 28 U.S.C. § 2255. We reverse.

## I

Carrion pleaded guilty to two counts of a twenty-nine count indictment. Through the plea agreement, Carrion waived his right to appeal except to challenge his criminal history category or an upward departure from the parties' recommended sentence. Carrion did not appeal the district court's decision to accept his plea or the sentence it imposed, but he later moved to vacate his sentence under 28 U.S.C. § 2255 asserting ineffective assistance of counsel. He claimed that immediately after his sentencing hearing, he told his attorney that he wanted to appeal. According to Carrion, counsel responded that "he was far from through with this case" and that he would appeal—but he did not. The district court denied Carrion's motion without a hearing. According to the district court, there was nothing for Carrion to appeal given that neither of the two appeal waiver exceptions applied (the court assigned him the lowest Criminal History Category and did not depart upward from the recommended sentence) and thus, the court reasoned, counsel did not provide ineffective assistance by failing "to file an appeal when his client has waived appeal rights."

This court granted a certificate of appealability on one question: "whether Carrion was denied the effective assistance of counsel because his attorney did not file a direct appeal on his behalf. . . ."

## II

Counsel's "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment" regardless of whether the appeal would have been successful. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Counsel's failure "does not merely deprive the defendant of effective assistance of counsel, it deprives him of the assistance of any counsel altogether." *Ludwig*, 162 F.3d at 459.

The district court wrongly concluded that Carrion's appeal waiver precluded him from pursuing an appeal. Carrion's likelihood of success on appeal is not a factor in determining whether he received ineffective assistance of counsel. *Id.* Carrion's counsel's failure to file a notice of appeal deprived him of the benefit of a lawyer in constructing potential appellate arguments. *Id.* (citing *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994)). *Ludwig* and *Roe* are clear: counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*, irrespective of whether the appeal would be successful.

### III

Our discussion assumes Carrion asked his attorney to file a notice of appeal, an issue the district court did not decide. Without an actual request by the defendant that counsel file an appeal, the defendant would not fall within the compass of the *Ludwig* rule. *Ludwig*, 162 F.3d at 459. We therefore vacate the district court's order and remand this case for a hearing to determine whether Carrion actually asked counsel to perfect an appeal. *Id.* If he did and counsel disregarded the request, Carrion will be entitled to a delayed appeal. *Id.*