IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 24, 2010

## LATROY LEE ROBERTSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-A-784      Steve Dozier, Judge**

**No. M2009-01736-CCA-R3-PC - Filed August 3, 2010**

The pro se Petitioner, Latroy Lee Robertson, appeals the Davidson County Criminal Court's denial of his petition for post-conviction relief, in which he attacks his sentences for three counts of the sale of .5 grams or more of cocaine and three counts of the sale of twenty-six grams or more of cocaine. The Petitioner seeks a delayed appeal of the sentence, alleging that his attorney was ineffective for failing to file a direct appeal of the sentences. The post-conviction court summarily dismissed the petition, and, after careful review, we reverse the post-conviction court's judgment and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, delivered the opinion of the Court, in which JERRY L. SMITH, and THOMAS T. WOODALL, JJ., joined.

Latroy Lee Robertson, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Mark A. Fulks and Deshea Dulany Faughn, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Pamela Anderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

In 2007, the Petitioner pled guilty to three counts of the sale of .5 grams or more of cocaine and three counts of the sale of twenty-six grams or more of cocaine. As part of the

plea agreement, upon the Petitioner's guilty plea to each count, the parties agreed to concurrent sentences of between ten and twelve years as a Range I offender, with the trial court to determine the length and manner of service of his sentence. In the trial court's sentencing order, it described the facts adduced during the Petitioner's sentencing hearing:

> At the hearing, the Court heard from Detective Deslauriers that the [Petitioner] sold cocaine on multiple occasions between September and December of 2006 to a confidential informant working with detectives. The sales correspond with each count of the indictment and include three counts of sales of .5 grams or more of cocaine and three counts of sales of more than 26 grams of cocaine. The detective testified that a search of the [Petitioner]'s vehicle, residence, and his mother's residence revealed scales, over six thousand dollars in cash, and two handguns.
>
> The [Petitioner]'s mother testified she did not know her son was selling drugs, nor did she know he was on probation for a prior offense. She was aware he smoked marijuana. Danielle Mitchell, the [Petitioner's] girlfriend, testified she has two children with the [Petitioner]. She testified the [Petitioner] wants to work at a cleaning service and was providing eight hundred dollars a month for the kids in addition to the two hundred dollars in child support she receives. Finally, the [Petitioner] testified he began selling two years prior to his arrest after working at Burger King. He stated he would buy a fourth of a kilogram of cocaine for four thousand seven hundred dollars and then would sell it. He admitted he used and sold drugs while on probation.

The trial court found three enhancement factors applied: Factor (1), the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; Factor (8), the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and Factor (16), the defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult. *See* T.C.A. 40-35-113 (1), (8), and (16) (2007). The trial court then sentenced the Petitioner to twelve years, at thirty percent, on each count, with the sentences to be served concurrently. The trial court denied the Petitioner an alternative sentence based upon the Petitioner's "prior attempts at alternative probation sentences." The Petitioner did not file a direct appeal of his convictions or sentences.

On June 5, 2009, the Petitioner filed a petition for post-conviction relief alleging he received the ineffective assistance of counsel and requesting a delayed appeal. Specifically, he asserted that his counsel was ineffective for failing to recognize his rights pursuant to

*Blakely v. Washington*, 542 U.S. 296 (2004). In support of this contention, the Petitioner asserted that he asked his trial counsel ("Counsel") to appeal his sentence and attached to his petition a handwritten note, bearing the Petitioner's name and the date 1-03-08 in the upper right hand corner. The note reads:

> You told me that I should not have received a maximum sentence and if I did you were going to appeal. Could you please contact me or my family to discuss appealing my sentence. You told me by the phone that I received a maximum 12 year sentence but I have not seen the order that the judge took under advisement. Please contact me soon in regards to appealing my sentence.

The Petitioner does not clearly indicate that he sent this letter to Counsel but implies that he did. He asserts that his twelve-year sentence was "absurd" and that he was clearly unaware of the sentence he received because the judge took the sentencing matter "under advisement."

The Petitioner also asserted that he received the ineffective assistance of counsel because Counsel agreed to an enhanced minimum sentence and failed to preserve for appeal his objection to the Petitioner's sentence pursuant to *Blakely*. He asserted that, as such, he is entitled to a delayed appeal.

The post-conviction court summarily dismissed his petition. The post-conviction court found that the Petitioner failed to file his petition within the applicable statute of limitations period and that he had not presented any ground for relief that fell within an exception to the limitations period.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that due process considerations require that the statute of limitations be tolled. He asserts that Counsel failed to file a timely appeal, rendering Counsel's assistance ineffective. He asks this Court for a delayed appeal. The State responds that the post-conviction court properly determined that the petition was time-barred.

"[A] person in custody under a sentence of a court of this state must petition for post-conviction relief within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." T.C.A. § 40-30-102(a) (2006). The

statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id*. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id*. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. *See* T.C.A. § 40-30-106(b) (2006). Similarly, "[i]f, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." T.C.A. § 40-30-109(a) (2006). Furthermore, "[i]f and when a petition is competently drafted and all pleadings, files and records of the case conclusively show that the petitioner is entitled to no relief the court may properly dismiss the petition without the appointment of counsel or conducting a hearing." *Martucci v. State*, 872 S.W.2d 947, 949 (Tenn. Crim. App. 1993) (citing T.C.A. § 40-30-109; *Stokely v. State*, 470 S.W.2d 37, 39 (Tenn. Crim. App. 1971)).

Tennessee Code Annotated section 40-30-102(b) (2006) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous

conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court concluded:

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

In the case under submission, the Petitioner's judgments were entered October 9, 2007[1], and those judgments became final thirty days later. The Petitioner filed his petition for post-conviction relief on June 5, 2009, and the petition does not list any statutory ground that would make him eligible for an exception to the one-year statute of limitations. He, however, proposes that due process considerations require that the statute of limitations be tolled, citing *Wallace v. State*, 121 S.W.3d 652 (Tenn. 2003). Further, he asserts that failure to perfect a direct appeal in derogation of a defendant's actual request is a per se violation of the Sixth Amendment, citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

The *Wallace* decision is clearly distinguishable from the case at hand in that it involved an attorney's failure to file a motion for new trial after a jury verdict, while the case presently before us involves Counsel's failure to appeal a sentence resulting from a plea of guilty. More in line with the Petitioner's case, is the Sixth Circuit case he cited, *Ludwig*. In *Ludwig*, the defendant pled guilty to multiple counts involving drug trafficking, money laundering, and tax evasion. Four years after the judgment, the defendant sought relief based upon ineffective assistance of counsel, alleging, in pertinent part, that his counsel failed to file a direct appeal, despite the defendant's request. The *Ludwig* Court held:

[W]ith respect to counsel's failure to file a notice of appeal, every Court of

---

[1]The judgment forms are dated October 5, 2007, but not file-stamped. The "Sentencing Order," in which the trial court imposes the sentences, is file-stamped October 9, 2007.

Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig*, 162 F.3d at 458 (citations omitted). The Court held, "Thus, the failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal." *Id*. The Court went on to emphasize that "a defendant's actual "request" is still a critical element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Id*. (citations omitted).

In *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001), our highest Court discussed a counsel's failure to appeal to the Tennessee Supreme Court after his direct appeal and counsel's failure to withdraw as counsel. In *Williams*, the Tennessee Supreme Court stressed that in limited circumstances an attorney's misrepresentation to a petitioner could result in a tolling of the statute of limitations for due process concerns:

[W]e are not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. Instead, the focus here is . . . upon trial and appellate counsel's alleged misrepresentation in failing to . . . notify the petitioner that no application for permission to appeal would be filed in [the Tennessee Supreme] Court.

*Williams*, 44 S.W.3d. at 468 n.7. In *Craig Robert Nunn v. State*, this Court agreed that "[t]he *Williams* decision is not intended to require a hearing on due process concerns every time a petitioner alleges that the untimeliness of his petition is due to his trial or appellate counsel's negligence." No. M2005-01404-CCA-R3-PC, 2006 WL 680900, at *5 (Tenn. Crim. App., at Nashville, Mar. 17, 2006) (citing *Bronzo Gosnell, Jr. v. State*, No. E2004-02654-CCA-R3-PC, 2005 WL 1996629, at *4 (Tenn. Crim. App., at Knoxville, Aug. 19, 2005), *perm. to appeal denied* (Tenn. Dec. 19, 2005)).

In this case, the Petitioner contends that Counsel violated his due process rights by failing to appeal his case. The Petitioner offers no explanation for the almost one-year delay in filing his petition. He asserts, indirectly, in both his petition and in his brief that the handwritten note attached to his petition for post-conviction relief establishes that he asked that Counsel file an appeal on his behalf.

Upon our review of the record, we conclude that the post-conviction court erred in dismissing the petition without conducting a hearing to make determinations as outlined in *Williams*. *See Eric Wright v. State*, No. W2001-00386-CCA-R3-PC, 2001 WL 1690194, at *2 (Tenn. Crim. App., at Jackson, Dec. 17, 2001). Here, the Petitioner attached a letter that he implicitly asserts he sent to Counsel expressing his understanding that Counsel would appeal his case if he were given the maximum sentence. Before dismissing the petition as untimely, *Williams* required the trial court to conduct a hearing to determine if "in fact, [the petitioner] [was] misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." *Williams*, 44 S.W.3d at 471. Further, as stated by the Sixth Circuit in *Ludwig*, "a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not." *Ludwig*, 162 F.3d 458. Accordingly, we remand this case to the post-conviction court for the appointment of counsel and an evidentiary hearing to determine whether the Petitioner actually requested that Counsel file an appeal in his case and, in accordance with *Williams*:

> (1) whether due process tolled the statute of limitations so as to give the [Petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [Petitioner's] filing of the post-conviction petition in [June 2009] was within the reasonable opportunity afforded by the due process tolling.

*See Williams*, 44 S.W.3d at 471.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude that the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE

-7-