**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0766n.06

No. 08–3796

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 15, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA ,
    *Plaintiff-Appellee,*

v.

ANTONIO PIERCE,
    *Defendant-Appellant*.

_____

On Appeal from the United
States District Court for the
Southern District of Ohio

Before:  KENNEDY, COLE and GRIFFIN, Circuit Judges.

**CORNELIA G. KENNEDY, Circuit Judge.** Defendant-Appellant Antonio Pierce pleaded guilty to one count of conspiracy to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  The district court sentenced Pierce to 144 months in prison for the drug conviction and sixty months in prison, to be served consecutively, for the firearms conviction.  Pierce now appeals the sentence he received for these convictions and also claims that his trial attorney rendered ineffective assistance of counsel in violation of Pierce's Sixth Amendment rights.

Pierce argues on appeal that the district court erred by imposing the consecutive, five-year mandatory minimum sentence for his violation of § 924(c).  His claim rests on the "except" clause of § 924(c)(1)(A):

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or

drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
    (i) be sentenced to a term of imprisonment of not less than 5 years;
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(emphasis added). Pierce asserts that the ten-year mandatory minimum sentence associated with his drug offense qualifies as "a greater minium sentence . . . otherwise provided by . . . any other provision of law" and thus should exempt him from any additional punishment under § 924(c). Furthermore, he claims that his trial counsel's failure to object to the district court's contrary interpretation of § 924(c) amounts to constitutionally deficient representation.

While Pierce's appeal was pending in this court, the Supreme Court granted certiorari in the consolidated cases of *Abbott v. United States*, 130 S. Ct. 1284 (2010), and *Gould v. United States*, 130 S. Ct. 1283 (2010). Because those cases addressed the same statutory-interpretation argument advanced by Pierce, we held this appeal in abeyance pending their disposition. The Supreme Court recently issued its decision, which rejects Pierce's interpretation of § 924(c):

> We hold . . . that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction. . . . [An offender] is . . . subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum.

*Abbott v. United States*, 131 S. Ct. 18, 23 (2010). Therefore, we must reject Pierce's challenge to his sentence. *Cf. United States v. Almany*, --- S. Ct. ---, 2010 WL 2300485 (Nov. 29, 2010) (vacating and remanding for reconsideration in light of *Abbott* a decision of this court holding that the except

2

clause of § 924(c) applied whenever a defendant is subject to any greater mandatory minimum sentence).

As for Pierce's ineffective-assistance-of-counsel claim, we generally do not assess the merits of such claims on direct appeal. *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) (citing *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002)). However, Pierce's claim falls into our exception to this rule for cases in which "the record is adequate to assess the merits of the defendant's allegations." *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate both deficient performance of counsel and prejudice to the defense as a result of this deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the Supreme Court has foreclosed the argument that Pierce alleges his counsel was ineffective for not raising, he cannot demonstrate prejudice: "[i]t is not ineffective assistance to fail to raise erroneous claims." *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996), *overruled on other grounds by In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004) (en banc); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").

Based on the Supreme Court's ruling in *Abbott*, we AFFIRM the district court's imposition of a consecutive, sixty-month sentence for Pierce's violation of § 924(c) and DENY his claim of ineffective assistance of counsel.