**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry Antonio JOHNSON,**
**Defendant–Appellant.**

No. 00–2007.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

Henry Antonio Johnson, a federal prisoner proceeding through counsel, appeals his conviction and sentence on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Johnson pleaded guilty to the above offense on June 6, 2000, pursuant to a written plea agreement. In the agreement, the parties stipulated that Johnson was accountable for an amount of crack cocaine that exceeded 50 grams but was less than 150 grams and that the sentence of incarceration would not exceed 120 months. Neither party filed objections to the presentence investigation report (PSR), but Johnson moved for a downward departure at sentencing due to post-offense rehabilitative efforts. On August 22, 2000, the district court denied the motion and sentenced Johnson as contemplated by the plea agreement to 120 months of incarceration.

In his timely appeal, Johnson first argues that the district court erred by failing to depart downward and he asks this court to reconsider its prior case law. Next, Johnson contends, in reliance upon *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the trial court erred by accepting his plea because the specific drug quantity was not identified in the indictment, in the plea agreement, or at the plea hearing.

The district court's refusal to depart downward is not reviewable as the district court explicitly recognized that it had the discretion to depart downward. *See United States v. Owusu,* 199 F.3d 329, 349 (6th Cir.2000). We decline to reconsider this principle of law as one panel of this court cannot overturn a decision of

another panel; only the court sitting en banc may do so. *See United States v. Smith,* 73 F.3d 1414, 1419 (6th Cir.1996).

Because Johnson did not raise his *Apprendi* issue below, we review only for plain error. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

 No *Apprendi* violation occurred. Without deciding whether drug quantity must be stated in the indictment, we conclude that Johnson's indictment was proper because it charged him with possession with intent to distribute "a quantity" of cocaine base. *See United States v. Promise,* No. 99–4737, 2001 WL 732389 (4th Cir. June 29, 2001). Furthermore, Johnson's factual admissions obviate any possible concerns. *See United States v. Stafford,* 258 F.3d 465, 477 (6th Cir.2001). The parties stipulated in the plea agreement that the amount of crack cocaine exceeded 50 grams but was less than 150 grams, Johnson did not challenge the government's statement about the stipulation at the plea hearing, and he did not object to the PSR which also referred to the stipulation.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.