**UNITED STATES of America,**
**Appellee,**

v.

**Michael LOVELL, Appellant.**

**No. 01–6499.**

United States Court of Appeals,
Sixth Circuit.

Dec. 8, 2003.

Tim S. Moore, Newport, TN, for Petitioner–Appellant.

M. Neil Smith, Asst. U.S. Attorney, U.S. Attorney's Office, Greenville, TN, for Respondent–Appellee.

Before BOGGS, Chief Judge, and SILER, Circuit Judge, and RICE, District Judge.[*]

## OPINION

RICE, Chief Judge.

Appellant Michael Lovell raises three issues on appeal: (1) whether the district court erred in denying his motion to vacate, set aside or correct sentence, brought under 28 U.S.C. § 2255; (2) whether he should be allowed to proceed as if pursuant to a direct appeal of his sentence, without prejudice to his filing a "first" § 2255 motion at some subsequent point, should we find that his motion is meritorious; and (3) whether the district court erred in denying him the opportunity to amend his motion.

The district court had jurisdiction under 28 U.S.C. § 2255. Our jurisdiction exists under 28 U.S.C. §§ 2253 & 2255.

### I. *Factual Background*

Appellant was charged by indictment with interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312 (Count I), and possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) (Count II). Through counsel, he filed a motion to suppress on the basis that the contraband was found pursuant to a search carried out with his *involuntary* consent. Upon referral, a magistrate judge issued a report and recommendation ("R & R"), recommending that the motion be overruled, and his recommendation was adopted by the district judge court without objection. Appellant,

[*] The Honorable Walter H. Rice, Chief Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

who had not been called by his attorney to testify at the suppression hearing, was never consulted by his counsel about his right to object to the R & R or the 10–day deadline for doing so.

Appellant pleaded guilty to both counts and stipulated that the quantity of crack cocaine involved in his case was 12.4 grams. He did not expressly reserve any right of appeal. On July 24, 2000, he was sentenced to 120 months on Count I and 360 months on Count II, the sentences to run concurrently, followed by supervised release terms of three and eight years, respectively, also to run concurrently. The sentence was within the allowable range described in the pre-sentence report ("PSR"), and Appellant acknowledged at his plea colloquy that he understood the allowable range of the applicable Sentencing Guidelines. He did not object to his PSR and did not appeal the judgment against him.[1]

Appellant filed the underlying motion, *pro se,* on April 16, 2001. In moving to vacate, set aside or correct his sentence, Appellant argued in the district court that his trial counsel, Richard Talley ("Talley"), had failed to consult with him about appealing his sentence and thus deprived him of his right to appeal, even though Talley had given Appellant's family the impression that he was going to file a notice of appeal, and even though, Appellant contended, it would have been rational under the given circumstances that he (Appellant) would want to appeal, given his subjective understanding that he should only have been sentenced to ten years in prison. Thereafter, the district court directed the Government to file an answer. Counsel for Appellant on the motion made his first appearance on July 30, 2001.

On October 15, 2001, Appellant, without leave of the district court, filed "amendments" to his motion, raising six new reasons why the district court should find that he received ineffective assistance of trial counsel. The district court found that the amendments were untimely, that they did not relate back to the motion, and that the statute of limitations could not be tolled to allow their formal inclusion in the motion. Notwithstanding that decision, the court went on to note that it could still consider those very same issues in ruling on Appellant's motion, insofar as they bore on whether there were non-frivolous grounds for appeal which his counsel could have preserved by filing an appeal. (J.A. at 62.)

An evidentiary hearing was held on November 5, 2001. Ultimately, the district court found that Appellant did not expressly instruct Talley to appeal his sentence. The court did find, however, that Appellant had expressed to Talley his "interest" in appealing his sentence. Therefore, the district found that Talley had had a duty to consult with Appellant to discuss any appealable issues. Finding that Talley had done no such thing, the court found that his conduct was unreasonable and deficient under professional norms. Be that as it may, the court found that Appellant was not prejudiced by Talley's deficient performance, because he had not demonstrated that he "would have" appealed had he been consulted.

The court also found Appellant's purported non-frivolous grounds for appeal to be without merit. The three grounds raised by Appellant were: (1) that his sentence on Count II ran afoul of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) that Talley provided ineffective assistance by

---

1. Prior to filing the motion that is before the Court on appeal, Appellant filed a petition for writ of mandamus and prohibition on January 16, 2001, in the Court of Appeals (C.A. No. 01–5052), seeking an order allowing him to appeal his sentence. His petition was denied.

failing to call other witnesses at the suppression hearing and failing to file objections to the R & R with respect to the finding that Appellant voluntarily consented to the search of his property; and (3) that the sentencing court erroneously treated two New Jersey state convictions as distinct prior offenses instead of two incidents arising out of a single scheme, the result being that he was classified as a career offender.

With respect to the *Apprendi* issue, Appellant's argument was that the 12.4 grams of crack cocaine to which he stipulated had not been charged in the indictment or found by a trier of fact, beyond a reasonable doubt, to have existed, and therefore could not have been used to form any part of the conviction against him. The district court rejected this argument, noting the Appellant's stipulation, and the fact that his sentence of 360 months on Count II was at the bottom of the Guideline range, given his offense level. With respect to the matter of calling other witnesses at the suppression hearing and objecting to the R & R, the court found that this argument did not assist Appellant in showing ineffective assistance of counsel, because Appellant did not demonstrate how Talley's failure to call other witnesses at the suppression hearing gave rise to an appealable issue, or why the magistrate judge's factual determination that Appellant gave his voluntary consent to the search should not have been, and would not have been, adopted by the district court, had objections been filed. Finally, with respect to Appellant's two New Jersey convictions, the district court found that he had been arrested on two separate dates, 17 days apart, for the identical violation of state law, such that it could not be said that those incidents could be treated as a single offense under the Guidelines.

The court found that three other issues which Appellant had initially raised, part and parcel of his effort to amend his motion, had been abandoned, insofar as he failed to raise them at the hearing. Appellant filed an "Objection" to this finding, arguing that he had not intended to abandon any of his potential arguments, and that it was his understanding that he was not at liberty to raise such issues at the evidentiary hearing. Treating it as a motion to alter or amend judgment under Civil Rule 59(e), the court overruled the motion. The court found Appellant's subjective understanding of the scope of the evidentiary hearing to be unfounded, given that it had expressly stated in its order denying Appellant's attempt to amend his motion that he could still raise those very issues at the evidentiary hearing on the ineffective assistance of counsel claim.

## II. *Analysis*

In reviewing a district court's denial of a § 2255 motion, the Court of Appeals reviews findings of fact for clear error and conclusions of law *de novo*. *See Dunlap v. United States of America*, 250 F.3d 1001, 1004.

The Supreme Court has held that a criminal defendant has a constitutional right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Demonstrating that assistance of counsel was so ineffective as to require reversal of a conviction requires two showings:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687, 104 S.Ct. 2052.

In *Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court stated that although *Strickland* recognized "two components" to the ineffective assistance of counsel burden of proof, an attorney's failure to file an appeal after being specifically instructed to do so entitles the defendant to an appeal without regard to a showing that the appeal would actually have merit (i.e., without regard to a showing of actual prejudice). *Accord Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998). Conversely, the Court stated that where an attorney has been instructed not to file an appeal, the defendant cannot later claim ineffective assistance of counsel where the attorney follows the defendant's instructions and does not file an appeal. *Flores–Ortega,* 528 U.S. at 477, 120 S.Ct. 1029. Of primary concern to the *Flores–Ortega* Court, however, was the application of the two-component *Strickland* standard in those instances where the defendant did not clearly express his wishes one way or the other as to whether he wanted to file an appeal. *Id.*

The Court stated that the question to ask in determining whether counsel's performance was deficient is whether he or she "consulted with the defendant about an appeal." In other words, did counsel advise "the defendant about the advantages and disadvantages of taking an appeal, and [make] a reasonable effort to discover the defendant's wishes." *Id.* at 478, 120 S.Ct. 1029. Though it recognized that the ideal

practice is for counsel to consult with defendants as a routine matter about the possibility of appeal, the Supreme Court rejected a bright-line rule that the failure to consult will always constitute deficient performance. *Id.* at 479, 120 S.Ct. 1029. Instead, it stated that the absolute duty to consult exists only where (1) a rational defendant would want to appeal, because of, for example, the existence of non-frivolous grounds for appeal, or (2) the defendant in question reasonably demonstrated to counsel that he was interested in appealing. Failure to consult in those circumstances constitutes deficient performance.

If a defendant can show that his counsel's performance was deficient, the second component that must be explored is whether he was prejudiced by his counsel's deficiency, i.e., counsel's failure to consult with him about the pros and cons of filing an appeal. *Id.* at 481, 120 S.Ct. 1029. Prejudice can be shown by putting on evidence that had counsel consulted with him, there is a reasonable probability that the defendant would have appealed, *id.* at 484, 120 S.Ct. 1029, or by pointing out the existence of non-frivolous grounds for appeal. *Id.* at 486, 120 S.Ct. 1029.

The Supreme Court acknowledged the overlap of the deficiency and prejudice components, particularly the fact that they can both be demonstrated by pointing to the existence of non-frivolous grounds for appeal. *Id.* Nevertheless, the Court emphasized that it did not intend to collapse the two components into one in all cases. "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel *his interest* in an appeal." *Id.* (emphasis added). "But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he *would have* instructed his coun-

sel to file an appeal." *Id.* (emphasis added). To demonstrate prejudice, the defendant must show that "but for counsel's deficient conduct, he would have appealed." *Id.*[2] While a defendant need not articulate non-frivolous grounds for appeal in order to make this showing, evidence of some sort must be adduced to demonstrate that he would have actually appealed had he been consulted. *Id.* In other words, whereas the deficient assistance component is satisfied if the defendant can prove that he expressed "an interest" in appealing, the actual prejudice component requires something more, to wit: proof that he "would have" appealed had he been consulted. *See id.* On the other hand, although evidence of non-frivolous grounds for appeal need not be adduced to succeed on a § 2255 motion, the ability to make such a showing will satisfy both components in a single stroke. *See id.*

Stripping *Flores–Ortega* to its rudiments, it becomes clear that there are two scenarios in which the two *Strickland* components can be satisfied in a single stroke: (1) where the defendant specifically instructs his attorney to file an appeal, and his attorney does not, *id.* at 477, 120 S.Ct. 1029; and (2) where non-frivolous grounds for appeal exist, yet no appeal is filed, *id.* at 486, 120 S.Ct. 1029. In the absence of either an explicit instruction to appeal or non-frivolous grounds for appeal, a defendant must show both deficient performance and prejudice through other means in order to prove that his counsel's failure to file an appeal constituted ineffective assistance of counsel.

In this case, the trial court found that Appellant had not expressly asked Talley to file an appeal, and that he was unable to demonstrate any non-frivolous grounds for appeal. Accordingly, the court determined that Appellant was obligated to demonstrate in some other fashion that Talley's performance was deficient and that he was prejudiced by that deficiency. To that end, the district court found that Appellant had reasonably demonstrated that he had expressed an interest to Talley in appealing his sentence and that Talley had failed to consult with him about the advantages and disadvantages of doing so. In other words, the court found that Talley had a duty to consult with Appellant and that he had failed to meet that duty. Talley was, therefore, deficient in his performance. Be that as it may, the district court found that Appellant could not show prejudice because, *first*, he did not adduce evidence showing that there was a reasonable probability that he would have appealed had Talley consulted with him about a possible appeal, and *second*, as already pointed out, he did not demonstrate that he had non-frivolous grounds for appeal.

■ Appellant does not dispute the finding that he did not expressly ask Talley to file an appeal. What he argues on appeal is that the district court erred in its application of the "prejudice" component of the *Strickland* standard by failing to explore, as a factual matter, whether he "would have" instructed Talley to appeal his sentence had he been consulted. According to Appellant, the court placed too much emphasis on the importance and merits of his purported non-frivolous grounds for appeal. (Appellant's Br. at 9–13.) It is Appellant's position that had the district

---

**2.** In several places in its opinion, the Supreme Court spoke of a defendant's need to show a "reasonable probability" that, but for counsel's failure to consult, he would have appealed. 528 U.S. at 482, 484, 120 S.Ct. 1029. In several other places, the Court spoke of the defendant's need to show that he would have appealed, without regard to a specific evidentiary burden. *Id.* at 484, 486, 120 S.Ct. 1029. Taking the opinion as a whole, we read *Flores–Ortega* to require that a defendant need only show a "reasonable probability" that he would have appealed had his counsel consulted with him.

court made the proper inquiry, it would have found that there was a reasonable probability that he would have instructed Talley to appeal, such that, per the holding in *Flores–Ortega*, it would have been unnecessary for him to demonstrate further prejudice by, for example, demonstrating the existence of non-frivolous grounds for appeal. We disagree.

Although he contends that the district court failed to make a sufficient factual inquiry into whether he "would have" appealed had Talley consulted with him (*id.* at 11–12), he fails to point to evidence demonstrating how the district court's finding that he did not do so was clearly erroneous. He emphasizes the district court's finding that he did "express an interest" in appealing (*see* J.A. at 82), but while that demonstrates that Talley's performance was deficient, insofar as he did not follow up on Appellant's expressed interest and consult with him about an appeal, the Supreme Court made it plain in *Flores–Ortega* that the expression of an "interest" in appealing cannot by itself satisfy the prejudice component. 528 U.S. at 486, 120 S.Ct. 1029. It was Appellant's burden in the district court to demonstrate a reasonable probability that he would have appealed had Talley consulted with him, and before this Court he has not demonstrated how the district court's de-

termination that he did not meet his evidentiary burden was clearly erroneous.[3]

In support of his contention that the district court placed too much emphasis on the merits of his purported non-frivolous grounds for appeal, he stresses the Supreme Court's statement in *Flores–Ortega* that a defendant need not demonstrate non-frivolous grounds for appeal in order to succeed on a § 2255 motion. *See* 528 U.S. at 486, 120 S.Ct. 1029. Yet, while that is true, the *Flores–Ortega* Court made it equally clear that if a defendant does not demonstrate non-frivolous grounds for appeal, then he at least must demonstrate through evidence of another type a reasonable probability that he *would have* appealed. *See id.* Given the absence of any other evidence that Appellant would have appealed, there was little else for the district court to consider other than the existence *vel non* of his non-frivolous grounds for appeal, and we believe that the district court did not place too much emphasis on same.

■ We also believe that the district court did not err in concluding that the three purported non-frivolous grounds for appeal that he did pursue were, in fact, frivolous. Regarding the *Apprendi* issue, the district court properly held that *Apprendi* did not sound the death knell for

3. The *Flores–Ortega* Court pointed out that in determining whether the facts demonstrate a reasonable probability that a defendant would have appealed, had he been consulted, "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." 528 U.S. at 480, 120 S.Ct. 1029. A district court must also consider whether the defendant received the bargained-for sentence and whether he expressly reserved or waived some or all of his appeal rights. *Id.* In this case, Appellant pleaded guilty, he received a sentence within the allowable sentencing range, he expressed his understanding of the relevant sentencing range at his plea colloquy, and he did not expressly reserve any right to appeal. He argues that any reasonable defendant would appeal a sentence of 30 years, but this is little more than his own, somewhat self-serving opinion, and is a dubious proposition at best, given the underlying facts. When the record is considered as a whole, Appellant simply cannot show that the district court was clearly erroneous in its determination that he had not demonstrated a reasonable probability that he would have appealed.

plea agreements. Facts stipulated to in a plea agreement can be considered for purposes of a judgment of conviction and sentence. *See United States v. Harper,* 246 F.3d 520, 530–31 (6th Cir.), *cert. denied,* 534 U.S. 896, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001), *overruled on other grounds by Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), *as stated in United States v. Leachman,* 309 F.3d 377, 385 (6th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1769, 155 L.Ed.2d 527 (2003); *United States v. Johnson,* 20 Fed. Appx. 444, 2001 WL 1178216 (6th Cir. Sept.25, 2001)(table).

■■ Regarding the issue of whether Appellant's two New Jersey state convictions should have been treated as a single offense for purposes of sentencing, the district court properly found that they should not be. The court's findings that Appellant was arrested for a marijuana offense on September 3, 1987, and then a second time for a second offense of the same character on September 19, 1987, were not clearly erroneous. As the district court pointed out, regardless of whether separate sentences are consolidated for purposes of sentencing, Application Note 3 of Sentencing Guidelines § 4A1.2 states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Therefore, Appellant's argument that his two New Jersey state convictions should have been treated as a single prior offense, thus negating his status as a career offender for purposes of sentencing in federal court, lacks merit.

Finally, the district court correctly dismissed Appellant's arguments relating to his suppression hearing and the resulting R & R. Appellant had argued that other witnesses should have been called at the suppression hearing and that Talley should

have objected to the R & R, particularly with regard to the magistrate judge's finding that Appellant gave his voluntary consent to the search of his property, which led to the seizure of the 12.4 grams of crack cocaine. The district court properly noted that Appellant did not explain at his § 2255 evidentiary hearing why other witnesses should have been called or why the magistrate judge's finding regarding the voluntary consent matter was objectionable.

In sum, we hold that the district court correctly determined that Appellant's ineffective assistance of counsel motion was without merit. Because this is the case, we need not address Appellant's argument that he should be allowed to pursue a direct appeal without prejudice to his right to file a "first" § 2255 motion at a later time.

We also have no need to address Appellant's argument that the district court erred in refusing to allow him to amend his § 2255 motion. His motion was based on the fact that Talley had failed to consult with him about an appeal, and that, as a result, he had received ineffective assistance of counsel. As noted herein, part and parcel of the inquiry into whether a trial attorney's failure to consult with a convicted defendant regarding an appeal justifies vacating or setting aside a sentence is an inquiry into whether non-frivolous grounds for appeal existed. While this inquiry need not be made if other evidence shows that a reasonable probability exists that Appellant would have appealed, Appellant's entire point in attempting to file his amendments to his motion was to put into the record assertions that additional non-frivolous grounds for an appeal existed. Although he denied Appellant the opportunity to formally amend his motion, the district judge made it clear that all of his purported non-frivolous is-

sues for appeal could nevertheless be considered for purposes of determining the merits of his motion, i.e., whether he received ineffective assistance. (*See* J.A. at 62–63.) Thus, the argument that the district court erred in refusing to allow him to amend his motion is moot, given that he was not, in actuality, denied the opportunity to argue at his hearing the merits of any of those would-have-been amendments.[4]

### III. *Conclusion*

The order of the district court is AFFIRMED.

---

**4.** Appellant's argument to the district court that he did not understand that he had the right to raise all of his purported non-frivolous grounds for appeal at the § 2255 hearing (J.A. at 96–98), raised in the form of an "Objection" to the district court's opinion following that hearing, lacked merit. Appellant should have been aware that § 2255 allowed

him or his counsel to do just that, and the district judge's earlier statement that Appellant could do so crystallized that point. (J.A. at 62.)

