

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2006

# USA v. Wright

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3764

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Wright" (2006). *2006 Decisions.* Paper 1127.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1127

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3764

UNITED STATES OF AMERICA

v.

DESMOND WRIGHT
a/k/a DAY-DAY,

Desmond Wright,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00005-2)
District Judge: Honorable William H. Yohn, Jr.

Submitted Under Third Circuit LAR 34.1(a)
April 27, 2006

Before: AMBRO and FUENTES, Circuit Judges,
and IRENAS,* District Judge

(Opinion filed May 11, 2006)

OPINION

*Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

AMBRO, <u>Circuit Judge</u>

Petitioner-appellant Desmond Wright ("Wright") appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying his *habeas corpus* motion to vacate, set aside, or correct his sentence. For the reasons that follow, we affirm.

**I.**

As we write for the parties, only a brief summary of pertinent facts and procedural history is necessary. On October 9, 2001, Wright pled guilty to many federal offenses, including: conspiracy to commit armed bank robbery; armed bank robbery; using, carrying, and discharging a firearm during and in relation to an armed bank robbery; using fire to commit a felony; malicious destruction of a building involved in interstate commerce; conspiracy to carjack; attempted carjacking; using, carrying and brandishing a firearm during and in relation to the conspiracy to carjack and attempted carjacking; and possession of firearms by a convicted felon. On the eve of sentencing, Wright filed a motion to withdraw his guilty plea. After a hearing, the District Court denied that motion. It then imposed a sentence at the bottom of the Guidelines range followed by mandatory consecutive sentences for a 750-month term of imprisonment.

Wright did not appeal. A letter from Wright to the District Court Clerk, received May 23, 2002, was interpreted as a notice of appeal but was dismissed on September 30, 2002 as untimely. In the interim, on September 8, 2002, Wright filed a petition for a writ

2

of *habeas corpus* pursuant to 28 U.S.C. § 2255, alleging, *inter alia*, that he suffered ineffective assistance of counsel because his trial counsel had failed to file a direct appeal. The District Court held an evidentiary hearing, found no merit in Wright's claims, and denied his petition. We issued a certificate of appealability on the issue of whether counsel was ineffective for failing to file an appeal.

## II.

Because it is undisputed that Wright's trial counsel did not consult with him regarding his right to appeal post-sentencing, our determination of this case is controlled by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).[1] There, the Supreme Court laid out the "proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal with respondent's consent." *Id*. at 473. Because the question concerned whether counsel's representation was constitutionally defective, the Court held that the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984), governed its inquiry. 528 U.S. at 476-77. Applying the *Strickland* standard to the particular facts before it, the Court determined that "counsel had a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular

---

[1]We review *de novo* whether Wright received ineffective assistance of counsel. *United States v. Kaufman*, 109 F.3d 186, 187 (3d Cir. 1997).

3

defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.

The Court further explained that it "employ[ed] the term 'consult' to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478. Additionally, it instructed that courts undertaking this inquiry, as with all ineffective assistance claims, "take into account all the information counsel knew or should have known." *Id*. at 480 (citing *Strickland*, 466 U.S. at 690). With respect to *Strickland*'s prejudice prong, the Court applied a harmless error inquiry, and held that relief could not be granted unless the defendant could "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484.

Wright argues that *Flores-Ortega* stands for the proposition "that counsel had a constitutionally imposed duty to consult with a defendant about an appeal . . . ." The adoption of such a bright-line rule, however, was expressly rejected in that case: "[W]e cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable and therefore deficient." *Id*. at 479 (emphasis in text) (concluding "[w]e . . . reject a bright-line rule that counsel must always consult with the defendant regarding an appeal"). Moreover, the Court provided an example of when a "mechanistic [bright-line] rule" would be inconsistent with both its

4

"decision in *Strickland* and common sense." *Id.*

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal. Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult.

*Id.* at 479-80 (internal citations omitted).

That is the case here. As noted, the District Court held an evidentiary hearing. At the conclusion of that hearing, it credited defense counsel's testimony that he consulted with Wright about his rights to trial and a plea, discussed the effect of each and his limited rights to appeal, advised Wright of the consequences of pleading guilty, discussed the Sentencing Guidelines, and was advised by Wright that he wished to plead guilty. The record also establishes that Wright received the shortest sentence possible under the Guidelines and that the District Court fully and completely advised Wright of his right to appeal both during the plea colloquy and immediately after he was sentenced.

Although Wright testified that he wanted to appeal because counsel had a strategy on appeal that would allow his consecutive sentences to run concurrently, this claim was found to be not credible by the District Court. Indeed, Wright's sentences ran consecutively as a matter of law—a fact that no appeal could overcome. We cannot

5

conclude that the District Court's finding that Wright did not express any interest in an appeal was clearly erroneous. *United States v. Gambino*, 864 F.2d 1064, 1071 n.3 (3d Cir. 1988) (noting that the District Court's factual findings following an evidentiary hearing in a § 2255 proceeding are subject to clearly erroneous review). Nor can we disagree with defense counsel that Wright received the benefit of his bargain and there is no nonfrivolous ground for an appeal. Accordingly, under *Flores-Ortega*, counsel's actions were not unreasonable and Wright is entitled to no relief.

* * * * *

For the foregoing reasons, we affirm the judgment of the District Court.