CLAY, Circuit Judge,
dissenting.
Because Defendant’s counsel rendered ineffective assistance of counsel by failing to file a notice of appeal, I would vacate Defendant’s conviction and remand for proceedings consistent with this dissent.
This Court has determined that the Constitution imposes a duty on counsel to make objectively reasonable choices both during the legal proceedings and “after the judicial proceeding has concluded in determining whether an appeal should be filed.” Smith v. Ohio Dep’t of Rehab. & Corrs., 463 F.3d 426, 433 (6th Cir.2006) (citing Roe v. Flores-Ortega, 528 U.S. 470, 479, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). In addition, this Court has interpreted Roe as holding that “trial counsel has a constitutional duty to consult with clients about filing an appeal after the trial proceedings have concluded.” Id. at 434 (emphasis added). Accordingly, the relevant question in determining whether Grant satisfied his constitutional duty is whether Grant consulted with Petitioner after the sentencing hearing. See id.; see also United States v. Taylor, 339 F.3d 973, 979 (D.C.Cir.2003) (proceeding to analyze whether the failure to consult “itself constitutes deficient performance” after concluding that “counsel did not consult with the defendant about an appeal after the sentence was pronounced”) (emphasis added); United States v. Wright, 180 Fed.Appx. 348, 349 (3d Cir.2006) (“[bjecause it is undisputed that Wright’s trial counsel did not consult with him regarding his right to appeal post-sentencing, our determination of this case is controlled by Roe ”)(emphasis added) (citation omitted). *978 Contrary to the majority’s finding, because the district court found that Grant did not consult with Petitioner after the adverse sentencing determination, the district court erred in concluding that Grant satisfied his duty to consult with Petitioner by-discussing his appeal prospects or right to appeal prior to the sentencing hearing.[1]
Because Grant failed to consult with Petitioner regarding an appeal, to determine whether Grant’s failure to consult constitutes deficient performance, we must evaluate whether Grant had a duty to consult with Petitioner. Roe, 528 U.S. at 478-79, 120 S.Ct. 1029. The Supreme Court has that “counsel has a constitutionally imposed duty to consult” when “there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.” Id. at 480, 120 S.Ct. 1029. In the instant case, it is undisputed that Petitioner consistently exjoressed to Grant a strong interest in preserving sentencing issues for appeal in conversations leading up to the sentencing. Through these conversations, Petitioner reasonably demonstrated to Grant that he was interested in appealing in the event of an adverse sentencing determination. Accordingly, Grant had a duty to consult with Petitioner after the sentence was pronounced.
Finally, Petitioner was prejudiced by Grant’s failure to file a notice of appeal because “there is a reasonable probability that, but for counsel’s deficient failure to consult with him about an appeal, [Petitioner] would have timely appealed.” Id. at 484, 120 S.Ct. 1029. Petitioner expressed his strong interest in preserving sentencing issues for appeal in conversations leading up to the sentencing, and he testified that he was under the impression that Grant was pursuing his appeal after the sentence was pronounced. Thus, neither Petitioner’s failure to contact Grant within ten days after the sentence nor Petitioner’s likelihood of success on appeal support the conclusion that Petitioner would not have filed a timely notice of appeal had he known that his attorney was not pursuing an appeal on his behalf.
For the foregoing reasons, Defendant’s conviction should be vacated on the basis that his counsel provided ineffective assistance. I therefore respectfully dissent.

. Furthermore, contrary to the majority’s assertion, Petitioner did testify on both direct and cross-examination that he gave Grant express instructions to file an appeal. (See Tr. at 21 (Q: "And just so I’m clear, did you ever ask [Grant] to file a notice of appeal on your behalf?” A: "Yes. That was the understanding that I had, the next process was to file an appeal.”); Tr. at 33 (Q: "Did you direct [Grant] at that time to file an appeal?” A: "That is correct.”)). As the majority notes, Petitioner also testified that Grant told him that "the next step was to appeal,” (see Tr. at 20), and that Petitioner did not remember exactly what words he used to convey to Grant his desire to appeal. (See Tr. at 33). However, the majority mischaracterizes these statements as contradicting Petitioner’s testimony that he asked Grant to file an appeal. Accordingly, in light of Petitioner's testimony that he directed Grant to file an appeal, Grant also acted unreasonably by ignoring Petitioner’s express instructions.