NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0311n.06

No. 08-5817

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**May 20, 2010**
LEONARD GREEN, Clerk

CHRISTOPHER LAMONT SHELTON,

    Petitioner-Appellant,

        v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

On Appeal from the United
States District Court for the
Middle District of Tennessee
at Nashville

/

**Before:**    **GUY, COLE, and SUTTON, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge**.   Petitioner Christopher Lamont Shelton, a federal prisoner, appeals pro se from the district court's denial of his § 2255 motion to vacate, alter, or amend sentence on the grounds of ineffective assistance of counsel. Specifically, petitioner claims that his court-appointed attorney failed to file a timely notice of appeal, despite having been instructed to do so at the time of sentencing. The district court found that petitioner had not directed his attorney to file an appeal and, therefore, that petitioner failed to establish a Sixth Amendment violation. After review of the record, we affirm and deny petitioner's motion for appointment of counsel.

**I.**

Petitioner was charged in 2002 with obstructing, delaying, and affecting commerce by robbery in violation of the Hobbs Act; using, carrying, and brandishing a firearm during a crime of violence; and being a felon in possession of a weapon. After an unsuccessful attempt to suppress evidence, petitioner entered into a plea agreement, which provided, in part, that the government would recommend a 3-level reduction in the offense level for acceptance of responsibility, would recommend a sentence at the bottom of the anticipated sentencing guidelines range of 235 to 272 months, and would waive the right to appeal from any downward departure the court might grant. Petitioner was not precluded from seeking a downward departure, but would plead guilty to all three counts and expressly waive the right to appeal a sentence within the guidelines or bring a collateral attack on the plea or sentence, except to challenge an upward departure or to assert claims of prosecutorial misconduct or ineffective assistance of counsel.

The guilty pleas were accepted by the district court, and petitioner's counsel filed several motions for downward departure—including motions based on the mental health examinations of petitioner conducted by the Bureau of Prisons. At sentencing, the district court did not grant a downward departure and sentenced petitioner at the bottom of the guidelines range to a total of 235 months' imprisonment as anticipated by the plea agreement. Specifically, the district court imposed a sentence of 151 months on count 1, a concurrent sentence of 120 months on count 3, and a consecutive mandatory minimum sentence of 84 months on count 2. Judgment was entered on June 7, 2004. No timely appeal was filed. Petitioner filed a notice of appeal pro se on June 7, 2005, and that appeal was dismissed as

untimely on September 20, 2005.

On August 8, 2005, petitioner filed this § 2255 motion asserting at its core that his attorney rendered ineffective assistance of counsel by failing to file a timely notice of appeal. The government filed a response, which was supported by an affidavit from defense counsel G. Kerry Haymaker attesting to facts concerning his former representation of petitioner in the underlying criminal case. Counsel was appointed to represent petitioner in connection with the § 2255 motion, and an evidentiary hearing was held before the magistrate judge to whom the matter had been referred. The magistrate judge recommended that the § 2255 motion be granted to allow petitioner to file a delayed direct appeal, emphasizing that Haymaker's testimony did "not exclude the possibility that he was requested to file a notice of appeal."

Objections were filed by the government, and the district court initially scheduled an evidentiary hearing. On the day of the hearing, however, petitioner was not able to testify and the parties agreed that nothing new would be added if a second evidentiary hearing were held. Conducting a de novo review of the evidence, the district court rejected the magistrate judge's recommendation after concluding that petitioner's testimony was not credible and that the only logical inference to be drawn from the evidence was that petitioner, having consulted with his attorney, failed to specifically direct his attorney to file a notice of appeal within the ten-day appeal period. Accordingly, the district court found petitioner had not demonstrated that his counsel's performance was deficient. The § 2255 motion was denied, a certificate of appealability was granted on this issue, and this appeal followed.

## II.

"On appeal from the denial of a § 2255 motion, we review legal conclusions de novo and factual findings for clear error." *Regalado v. United States*, 334 F.3d 520, 523-24 (6th Cir. 2003) (citing *Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999)). We will not find clear error unless we are left with a definite, firm conviction that a mistake has been committed. *Id*. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

To establish a claim of ineffective assistance of counsel, the petitioner must prove that his counsel's performance was deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* analysis applies to claims that the attorney's deficient performance led to the forfeiture of a direct appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). Prejudice is shown when there is a reasonable probability that, but for counsel's deficient performance, petitioner would have timely appealed. *Id*. at 483-84; *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding failure to file direct appeal when specifically requested establishes prejudice).[1]

Although rejecting a per se rule that would require an attorney to file an appeal unless specifically told not to, the Court in *Roe* reaffirmed its prior decisions holding that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a

---

[1]To the extent that petitioner's § 2255 motion may be read as referencing other claims of error, we agree with the district court that it appears to be in support of the ineffective assistance of counsel claim before us. We express no opinion concerning the merits of any other claims, or the impact that the appellate waiver in the plea agreement may have on them.

manner that is professionally unreasonable." *Roe*, 528 U.S. at 477; *see also Regalado*, 334 F.3d at 524-25. Absent specific instructions to file an appeal, we ask first "whether the attorney 'consulted' with the defendant about the benefits and drawbacks of bringing an appeal." 334 F.3d at 525. When consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to the appeal." *Roe*, 528 U.S. at 478. If counsel has not consulted with the defendant, then the question becomes whether the failure to consult constituted deficient performance. The Court in *Roe* explained that although failure to consult is not necessarily unreasonable, a "constitutionally imposed duty to consult with the defendant about an appeal [arises] when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Here, petitioner testified affirmatively at the evidentiary hearing that he specifically asked Mr. Haymaker to file a notice of appeal in court on the day of sentencing. The district court found, however, that this testimony was not credible because it was undercut by other parts of petitioner's testimony. Petitioner also testified that the sentencing judge instructed Mr. Haymaker to file an appeal. Petitioner claimed the judge asked in court whether the defense would be filing an appeal, and Mr. Haymaker answered that they would. Review of the transcript reveals only that the judge advised petitioner that "to the extent that you retained the right to appeal your sentence in your plea agreement, your notice of appeal must be filed within ten days, and you may apply to appeal under the pauper's oath if that is

appropriate." There is no indication that the judge asked whether an appeal would be filed, or that defense counsel expressed an intention to appeal at sentencing.

The questionable reliability of petitioner's testimony concerning his plea also undermined petitioner's credibility. When the magistrate judge asked about the appellate waiver, petitioner firmly denied that he had agreed not to appeal as part of the plea, and added that: "I really wasn't for sure exactly the type [of] agreement that I actually had, because I wasn't really aware, and I was incompetent to a certain extent at the time."

There was no other evidence showing that a specific request was made. Mr. Haymaker stated that he did not remember petitioner indicating that he wanted to appeal within the ten-day period, but testified that he "absolutely" would have filed a timely appeal if petitioner had requested it. He did remember that he received a call from petitioner "some months later," in which petitioner asked about an appeal and what his options were at that point in time. Counsel explained that the only option would be for petitioner to file a § 2255 motion if he had proper grounds, and encouraged him to visit the law library to pursue it further.

Weighing the evidence, the district court found that the only logical inference to be drawn from Haymaker's testimony was that he was not specifically instructed to file an appeal within the ten-day period. Rejecting the magistrate judge's recommendation, the district court made the factual determination that petitioner failed to establish that counsel failed to file a notice of appeal when specifically instructed to do so. This was at least a permissible view of the evidence, such that we cannot say the district court's finding was

clearly erroneous.

Although not addressed separately by the district court, we are also satisfied that counsel did not perform unreasonably in the absence of proof that petitioner directed his attorney to file a notice of appeal within ten days. There was evidence that counsel met with petitioner on the day before sentencing and discussed the plea agreement, including both the waiver of appeal rights and the grounds for which the right to appeal was retained. He also reiterated that petitioner would have ten days to file a notice of appeal, and needed to inform him after sentencing if he wanted to do so. When there is consultation, meaning specifically "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes," counsel's conduct is unreasonable only if he fails to follow the defendant's express instruction to file a notice of appeal. *Roe*, 528 U.S. at 478. Since petitioner did not prove he gave any express instruction, it is clear that counsel did not render ineffective assistance of counsel in this way.

Even if petitioner were to argue that counsel's advice did not constitute sufficient consultation to satisfy *Roe*, we would find the failure to consult was not unreasonable in this case. Relevant considerations include that petitioner entered into a favorable plea agreement giving him the greatest reduction for acceptance of responsibility, recommending a sentence at the bottom of the guideline range, and preserving the opportunity to seek a downward departure. Also, petitioner agreed to waive the right to appeal or collaterally attack the plea and sentence on all but a few grounds. Nothing in the record suggests that a reasonable attorney would think either that a rational defendant in petitioner's situation would want to

appeal, or that petitioner reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480. As such, petitioner cannot demonstrate deficient performance by counsel in this manner either.

Since petitioner failed to establish that his counsel's performance was deficient, we need not decide whether he could demonstrate prejudice. *Regalado*, 334 F.3d at 526. Accordingly, we find no error in the district court's decision denying petitioner's motion to vacate sentence under 28 U.S.C. § 2255.

**AFFIRMED.**

**R. GUY COLE, JR., Circuit Judge, dissenting.** As the majority notes, in determining whether counsel has been ineffective in failing to file an appeal, the first question is whether the attorney actually consulted with his client regarding an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 477-78 (2000). We have held that such consultation must occur *after* trial proceedings have concluded to satisfy *Flores-Ortega. See Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 434 ("[T]rial counsel has a constitutional duty to consult with clients about filing an appeal after the trial proceedings have concluded . . . ."); *see also United States v. Taylor*, 339 F.3d 973, 978 (D.C. Cir. 2003) (finding that first step of *Flores-Ortega* was not satisfied where counsel advised defendant prior to sentencing of his right to appeal but failed to consult with defendant about an appeal after sentence was pronounced). There is good reason to insist, regardless of what communications have occurred previously, that counsel consult with his client after trial proceedings are concluded, as only at this point may a defendant make a fully-informed decision regarding whether to pursue an appeal. In any case, our published decision in *Smith* is binding on this panel.

While counsel discussed the right to appeal with Shelton before sentencing, there is no question that he failed to do so afterward. Accordingly, under *Flores-Ortega*, the next question to ask is whether counsel had a constitutional duty to consult with Shelton regarding whether he wanted to appeal his sentence. *See* 528 U.S. at 478-80. Neither the magistrate judge nor the district court analyzed this question, however. Nor did either examine whether particular solicitude was required in light of Shelton's history of mental illness, of which counsel was well aware. Shelton's mental state seems particularly relevant here given

counsel's admission that Shelton contacted him several weeks after sentencing to inquire about the possibility of an appeal.

In light of the district court's failure to address these issues, I believe the prudent and proper course is to **REVERSE** the denial of Shelton's § 2255 motion and **REMAND** to the district court for consideration of whether counsel's performance satisfied the second prong of *Flores-Ortega*.