RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0138p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

MICHAEL SHANE MCCORMICK, SR.,

                    *Petitioner-Appellant*,

    *v.*

UNITED STATES OF AMERICA,

                    *Respondent-Appellee*.

No. 22-5587

─────────────

Appeal from the United States District Court for the Eastern District of Kentucky at London.
Nos. 6:16-cr-00056-2; 6:19-cv-00198—Gregory F. Van Tatenhove, District Judge.

Argued: June 15, 2023

Decided and Filed: June 27, 2023

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

─────────────

**COUNSEL**

─────────────

**ARGUED:** Lawrence D. Rosenberg, JONES DAY, Washington, D.C., Anna Williams, WEST VIRGINIA UNIVERSITY, Morgantown, West Virginia, for Appellant. Lauren Tanner Bradley, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee. **ON BRIEF:** Lawrence D. Rosenberg, JONES DAY, Washington, D.C., for Appellant. Lauren Tanner Bradley, Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

─────────────

**OPINION**

─────────────

THAPAR, Circuit Judge. Since his lawyer didn't file a notice of appeal, Michael McCormick moved to vacate his conviction. The district court denied the motion, and we affirm.

I.

McCormick pled guilty without a plea agreement to four offenses involving drugs or guns. For these crimes, the district court imposed a below-Guidelines sentence. McCormick didn't appeal.

Instead, ten months later, he moved to vacate his sentence under 28 U.S.C. § 2255. As relevant here, McCormick claimed that his trial counsel performed ineffectively by failing to file a notice of appeal. After holding an evidentiary hearing, a magistrate judge recommended denying the motion. The district court agreed and adopted the report and recommendation. McCormick timely appealed.

II.

To succeed on an ineffective-assistance claim, a petitioner must show that counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We focus on the first requirement: deficiency. Our review of counsel's conduct is "highly deferential." *Id.* at 689. Put differently, we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Here, that means McCormick must show: (1) counsel disregarded express instructions to file an appeal, or (2) counsel should have consulted McCormick about an appeal but didn't. *Roe v. Flores-Ortega*, 528 U.S. 470, 477–78 (2000). McCormick hasn't shown either.

First, the district court found that McCormick hadn't instructed counsel to file an appeal. We review that factual finding for clear error. *Neill v. United States*, 937 F.3d 671, 675 (6th Cir. 2019). In other words, we defer so long as the finding is "plausible on the record as a whole." *United States v. Estrada-Gonzalez*, 32 F.4th 607, 614 (6th Cir. 2022). And on this record, the finding is plausible. According to McCormick's own testimony, he told his counsel that he wanted to appeal under only two conditions: if he lost at trial, or if he "didn't feel like [he] was treated fairly" at sentencing. R. 456, Pg. ID 1650–51. So counsel told McCormick that if he felt he was being treated unfairly, he'd have to expressly tell counsel to file an appeal.

Neither of those conditions were met.  Since McCormick pled guilty, there was no trial.  Thus, the first condition wasn't met.  And the district court found that the second condition wasn't met either.  That factual finding wasn't clearly erroneous.

McCormick and his counsel disagree about what was said after sentencing.  Counsel testified that McCormick expressed frustration with his sentence but never told him to file an appeal.  McCormick says that he did, after telling his counsel, "You was no help."  R. 456, Pg. ID 1653.  Both stories couldn't be true, so after hearing the testimony and reviewing the record, the magistrate judge found counsel more credible.  The district court agreed.

That choice wasn't clearly erroneous considering McCormick's admission that his memory had faded.  To be sure, before McCormick pled guilty, he and counsel had contemplated the possibility of an appeal.  But contemplating an appeal, without more, doesn't satisfy either of the conditions McCormick himself set out for when he wanted to appeal.  Thus, there were "two permissible views of the evidence," so the district court's choice between them couldn't have been clearly erroneous.  *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985).

McCormick raises two alternative arguments, one factual and one legal.  The factual argument gets the same clear-error review described above, but we review the legal argument de novo.  *Neill*, 937 F.3d at 675–76.

First, McCormick challenges the district court's factual finding that counsel consulted McCormick about an appeal.  That finding was based on McCormick's own testimony that counsel consulted him, which the district court credited.  R. 456, Pg. ID 1652 ("Q. Did [counsel] ever come to you and talk with you and tell you what the risks, rewards were for appealing?  A. Yes."); *see McCormick*, 2022 WL 2528240, at *7.

Now, McCormick argues the district court shouldn't have credited his testimony on this point since it discredited his testimony on other points.  McCormick claims that, instead, the court should have credited counsel's testimony that he didn't consult with McCormick.  But that argument fails for the same reason as his last factual argument:  the district court had to decide between two plausible stories, so its choice couldn't have been clearly erroneous.  *See Anderson*, 470 U.S. at 574.  A district court can surely accept a party's own testimony about whether

counsel consulted him, especially when that testimony is against his own interest. After all, a party generally won't make statements against his own interest unless he believes they're true. *Williamson v. United States*, 512 U.S. 594, 599 (1994). In any event, counsel testified that he and McCormick discussed an appeal on multiple occasions, further bolstering the district court's conclusion.

Next, McCormick's legal challenge. He claims that counsel was ineffective for consulting him before sentencing rather than after. In other words, McCormick claims that counsel was required to repeat his advice after sentencing. But the Constitution doesn't impose any such obligation. In fact, just the opposite.

The Supreme Court has interpreted the Sixth Amendment to guarantee criminal defendants the right to effective assistance of counsel at trial. *Strickland*, 466 U.S. at 686. But that right doesn't prescribe rigid, technical rules. *Id.* at 688–89. That's because the Sixth Amendment doesn't set a trap for the unwary lawyer; rather, it "ensure[s] that criminal defendants receive a fair trial." *Id.* at 689.

*Flores-Ortega* follows that pattern. There, the Court once again rejected a rigid, technical rule in favor of a standard that ensures the defendant understands his appeal rights. *Flores-Ortega*, 528 U.S. at 477–81. The point is for counsel to help the defendant weigh the pros and cons of taking an appeal. In doing so, counsel must make a "reasonable effort to discover the defendant's wishes"—but only if the defendant hasn't gotten all the necessary information from another source. *Id.* at 478–80. For example, counsel need not consult his client about an appeal if the sentencing court's instructions were clear and informative. *Id.* at 479–80. And if the court's colloquy can relieve counsel of any obligation to consult, surely it's also relevant to whether counsel must repeat himself.

Here, the district court's model colloquy ensured that the defendant understood his rights. At the sentencing hearing, the district court provided McCormick written notice of his appeal rights. The court instructed McCormick to "talk to [his] lawyer about it" and then sign it when he was "comfortable." R. 325, Pg. ID 984. McCormick did so and assured the district court that he understood. After that colloquy and counsel's earlier consultation, McCormick knew

everything he needed to decide whether to appeal. That's all the Sixth Amendment requires. *See Flores-Ortega*, 528 U.S. at 479–80. Thus, counsel's decision not to repeat himself was permissible under the Constitution.

Our caselaw supports this conclusion. Even without this kind of model colloquy, we have held that counsel need not repeat information that the defendant's already received. *See Johnson v. United States*, 364 F. App'x 972, 976 (6th Cir. 2010) ("[T]he fact that consultation occurred in the course of the case rather than after sentencing is not determinative."); *Shelton v. United States*, 378 F. App'x 536, 539 (6th Cir. 2010) (finding it sufficient under *Flores-Ortega* that "counsel met with petitioner on the day before sentencing"). The Seventh Circuit agrees. *Bednarski v. United States*, 481 F.3d 530, 536 (7th Cir. 2007).[1]

To be sure, we have also said, "trial counsel has a constitutional duty to consult with clients about filing an appeal *after the trial proceedings have concluded*." *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 434 (6th Cir. 2006) (emphasis added). But that statement doesn't bind us because it was dicta. First, it was made in passing and not critical to the claim in the case. *Smith* had nothing to do with the timing of consultation. Rather, the alleged error in *Smith* was counsel's failure to give his client a copy of the appeals court's decision in a timely manner. *Id.* at 432. Second, *Smith* denied habeas relief, so its discussion of counsel's deficiency didn't contribute to the judgment. *See id.* at 435–36. Thus, *Smith*'s isolated statement isn't binding. *See Wright v. Spaulding*, 939 F.3d 695, 701–02 (6th Cir. 2019).

---

[1]In contrast, the Third Circuit has suggested that *Flores-Ortega* requires post-sentencing consultation. *United States v. Shedrick*, 493 F.3d 292, 301 (3d Cir. 2007); *see also United States v. Wright*, 180 F. App'x 348, 349 (3d Cir. 2006). Other circuits haven't weighed in as clearly. The First Circuit has held that pre-sentencing consultation was insufficient when counsel told the defendant merely that "his appeal waiver would prevent him from filing an appeal." *Rojas-Medina v. United States*, 924 F.3d 9, 18 (1st Cir. 2019). The Fifth Circuit has hypothesized that "the bulk of a constitutionally satisfactory consultation" may occur before sentencing but, to our knowledge, hasn't ever identified such a consultation. *United States v. Cong Van Pham*, 722 F.3d 320, 324 n.16 (5th Cir. 2013). The D.C. Circuit has held that counsel failed to consult when it was undisputed that counsel "advise[d the petitioner] in advance of the sentencing hearing that he would have the right to appeal" but didn't consult after sentencing. *United States v. Taylor*, 339 F.3d 973, 979 (D.C. Cir. 2003). The Fourth and Eleventh Circuits have specifically reserved the question. *Bostick v. Stevenson*, 589 F.3d 160, 166 (4th Cir. 2009); *Otero v. United States*, 499 F.3d 1267, 1270 & n.3 (11th Cir. 2007) (per curiam).

In sum, the Constitution doesn't require counsel to repeat himself, especially when the district court conducts a model colloquy with the defendant about appeal rights. Here, counsel followed that commonsense rule and thus was not ineffective.**²**

### III.

Finally, McCormick asks us to vacate his guilty plea because he didn't receive the benefit of his bargain (an appeal). But there was no bargain here. A bargain requires at least two parties to exchange promises or performance. *See United States v. Simmonds*, 62 F.4th 961, 967 (6th Cir. 2023) (noting that plea agreements are like contracts). McCormick may have expected an appeal, but the government didn't promise him that. So there isn't any bargain to enforce.

McCormick doesn't cite any authority allowing us to vacate a plea in this situation. In fact, the cases he cites suggest we can't. For example, *Puckett v. United States*, 556 U.S. 129, 137 (2009), permits, but does not require, courts to vacate pleas when the government breaches its agreement. If a defendant isn't automatically entitled to vacatur when the government breaches a bargained-for plea agreement, it's not clear why McCormick would have a right to vacatur when no one promised him anything.

McCormick also claims he's entitled to plea vacatur because the government forfeited any argument against this remedy by responding to it in a footnote. It's true that the government responded to McCormick's claim in a footnote. But the government wasn't required to respond to the argument at all. *Kennedy v. City of Villa Hills*, 635 F.3d 210, 214 n.2 (6th Cir. 2011) ("[A]ppellees do not [forfeit] claims by failing to respond to appellants' arguments on appeal."). And even if the government had to respond, its footnote explained why McCormick's argument was meritless.

Thus, McCormick can't get out of his guilty plea.

\* \* \*

We affirm.

---

**²**Because we don't disturb the district court's finding that counsel consulted McCormick about appealing, we need not reach McCormick's argument that it was unreasonable for counsel not to consult him.