OPINION
{¶ 1} Charles Martin appeals from the trial court's decision and entry overruling his petition for post-conviction relief as time barred.
 {¶ 2} Martin advances two assignments of error on appeal. First, he contends the trial court erred in finding his petition untimely. Second, he claims the trial court erred in denying him an evidentiary hearing on the petition.
 {¶ 3} The record reflects that Martin was convicted of aggravated murder and numerous other crimes in December, 2000. The trial court imposed an aggregate sentence of life in prison plus fifty-five years and designated him a sexual predator. Martin subsequently appealed, and in December, 2001, we remanded for re-sentencing. The trial court then re-imposed an identical sentence. Thereafter, Martin filed his petition for post-conviction relief on June 16, 2003, arguing that his trial counsel provided constitutionally ineffective assistance by failing to call certain alibi witnesses. Martin admittedly filed the petition beyond the time authorized by R.C. § 2953.21(A)(2), which requires filing no later than 180 days after either (1) the filing of a trial transcript in the court of appeals in a direct appeal or (2) the expiration of the time for filing a direct appeal if no such appeal is taken. Martin argued, however, that his motion was timely under R.C. § 2953.23, which, under certain circumstances, extends the time for filing a petition. The trial court disagreed and overruled the petition as time barred. This timely appeal followed.
 {¶ 4} In his first assignment of error, Martin contends the petition was not time barred because he satisfied R.C. § 2953.23, which states:
 {¶ 5} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless both of the following apply:
 {¶ 6} "(1) Either of the following applies:
 {¶ 7} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 8} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 9} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 10} In the present case, Martin's post-conviction claim is that his trial counsel unreasonably failed to call alibi witnesses who would have testified that he was with them when the crimes were committed. Although Martin obviously knew of the alibi and the identify of the individuals who would have supported it, he nevertheless argues that he could not have raised the issue in a timely post-conviction petition. According to Martin, he was unavoidably prevented from discovering the facts upon which this claim depends because he lost contact with the alibi witnesses immediately after his conviction. Martin insists that he diligently tried to locate the witnesses but could not do so. He contends they eventually contacted him in prison, providing affidavits to substantiate his claim, and he filed his petition promptly thereafter. Finally, Martin insists that his own affidavit (which includes the foregoing factual allegations) and the affidavits of the alibi witnesses constitute clear and convincing evidence that the jury would not have convicted him but for his attorney's failure to call the witnesses at trial. As a result, Martin asserts that he has satisfied both of the requirements set forth in R.C. § 2953.23(A).
 {¶ 11} In its ruling, the trial court rejected Martin's argument that he was unavoidably prevented from discovering the facts upon which his claim depends, reasoning as follows:
 {¶ 12} "Defendant seeks to raise the ineffectiveness of his trial counsel in his petition for post-conviction relief. However, Defendant Charles Martin admits in his affidavit that he requested `trial counsel to call several alibi witnesses who would have testified to my whereabouts during the time that these crimes were committed.' Martin Affidavit, ¶ 2. It is clear that defendant was not unavoidably prevented from discovering the facts upon which his petition is based. Specifically, Defendant was immediately aware of the alleged ineffective counsel at the time of trial. `Based on R.C. § 2953.23(A), the trial court may not entertain such a petition based on facts that were known by the defendant at trial.' Ohio v. Rogers, 2000 Ohio App. LEXIS 3443 (Aug. 2, 2000), Summit App. No. 19885, unreported.
 {¶ 13} "Defendant also relies on affidavits that purportedly establish an alibi for Defendant's whereabouts during the time of the crime. Again, the facts contained in the affidavits were known to the defendant at the time of trial. Accordingly, Martin was not unavoidably prevented from discovering the facts of his alleged alibi. If a defendant is not unavoidably prevented from discovering facts relating to a claim of ineffective assistance of counsel based on a failure to present a possible defense, then the defendant fails to satisfy R.C. §2953.23(A)(1)(a). State v. Collins, 2001 Ohio App. LEXIS 4847 (Nov. 2, 2001), Montgomery App. No. 18796, unreported.
 {¶ 14} "Because defendant fails to satisfy R.C. §2953.23(A)(1)(a) it is not necessary to determine if defendant satisfies R.C. § 2953.23(A)(2). Id." (Decision and Entry, Doc. #28 at 5-6).
 {¶ 15} Upon review, we disagree with the trial court's conclusion that Martin failed to satisfy R.C. § 2953.23(A)(1)(a). Immediately after his trial, Martin certainly knew his attorney had failed to call alibi witnesses who purportedly would have testified that he was elsewhere when the crimes were committed. Thus, we agree that Martin was aware of the alleged ineffective assistance of counsel no later than the conclusion of his trial. Although he could have filed a timely post-conviction relief petition with only his own affidavit to support the claim, a self-serving affidavit often fails to establish sufficient substantive grounds for relief even to warrant an evidentiary hearing, much less to prevail on a post-conviction claim. Absent affidavits from the alibi witnesses themselves, the trial court almost certainly would have denied Martin's claim on the basis that it was unsupported by anything other than his own self-serving affidavit. Furthermore, if Martin had filed a timely post-conviction relief petition relying on only his own affidavit, res judicata would have precluded him from re-litigating the issue after obtaining the needed affidavits from his alibi witnesses.
 {¶ 16} Thus, we conclude that Martin was unavoidably prevented from discovering the facts upon which his claim relies, within the meaning of R.C. § 2953.23(A)(1)(a), until he obtained affidavits from his alibi witnesses. Although Martin personally knew of the alleged ineffective assistance of counsel, he could not have established substantive grounds for relief without the affidavits. In addition, the affidavits attached to Martin's post-conviction relief petition establish (and the State has not disputed) that he could not have obtained the affidavits from the alibi witnesses sooner. Therefore, we find that he has satisfied R.C. § 2953.23(A)(1)(a).[1] Given that the trial court failed to address Martin's ability to satisfy the additional requirement of R.C. §2953.23(A)(2), we express no opinion on the issue and leave it to the trial court on remand
 {¶ 17} In his second assignment of error, Martin contends the trial court erred in failing to hold an evidentiary hearing on his post-conviction relief petition. Upon review, we conclude that this issue is not properly before us. As noted above, the trial court dismissed Martin's petition as untimely solely based on his failure to satisfy R.C. § 2953.23(A)(1)(a). In light of that ruling, the trial court did not consider whether Martin was entitled to an evidentiary hearing. Given our conclusion that Martin did satisfy R.C. § 2953.23(A)(1)(a), the trial court should determine on remand whether Martin has met the requirements for an evidentiary hearing.
 {¶ 18} Based on the reasoning and citation of authority set forth above, the judgment of the Montgomery County Common Pleas Court is hereby reversed, and this cause is remanded for further proceedings consistent with this opinion.
 {¶ 19} Judgment reversed and cause remanded.
GRADY, J., and YOUNG, J., concur.
[1] In reaching this conclusion, we find State v. Collins, Montgomery App. No. 18796, 2001-Ohio-1692, to be distinguishable. The trial court cited Collins for the proposition that R.C. § 2953.23(A)(1)(a) is not satisfied when "a defendant is not unavoidably prevented from discovering facts relating to a claim of ineffective assistance of counsel based on a failure of counsel to present a possible defense[.]" In Collins,
however, the defense at issue was self-defense, and, unlike the present case, there was no argument that the defense required anything other than the defendant's own affidavit to support it.