[Cite as *State v. Pianowski*, 2013-Ohio-2764.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

TED A. PIANOWSKI

       Defendant-Appellant

Appellate Case No.    25369

Trial Court Case No.   2005-CR-236

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of June, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOSEPH R. HABBYSHAW, Atty. Reg. No. 0089530, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

TED A. PIANOWSKI, Inmate No. 495-739, Ohio State Penitentiary, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505
      Defendant-Appellant-*pro se*

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-Appellant, Ted A. Pianowski, appeals from the trial court's decision dismissing his petition for post-conviction relief.   Pianowski's petition requested relief based on a claim of ineffective assistance of counsel because his counsel failed to file a notice of appeal. The trial court determined that Pianwoski failed to present substantive grounds for relief because he did not establish how he was prejudiced.   Pianowski argues that prejudice is presumed in cases where counsel fails to file a notice of appeal, and the trial court erred in dismissing his petition.

{¶ 2}    We conclude that the trial court did not err in dismissing Pianowski's petition for post-conviction relief.   The petition was untimely, and therefore outside the trial court's jurisdiction.   Furthermore, the petition failed to establish substantive grounds for relief based on ineffective assistance of counsel.   Pianwoski failed to demonstrate how he was prejudiced as a result of his counsel failing to file a notice of appeal, and prejudice is not presumed under the facts of this case.   Accordingly, the decision of the trial court will be affirmed.

## I.   Facts and Course of Proceedings

{¶ 3}    On February 8, 2005, Ted A. Pianowski was indicted by the Montgomery County Grand Jury for one count of Aggravated Robbery and one count of Having Weapons While Under Disability.   The count for Aggravated Robbery included a firearm specification and a repeat violent offender specification (RVO).

{¶ 4}     On April 8, 2005, Pianowski was convicted on all counts after a jury trial. Pianowski was sentenced to a prison term of ten years for aggravated robbery, five years for

having weapons while under disability, three years for the firearm specification, and five years for the RVO specification. The sentence was ordered to run consecutively for a total of 23 years. Pianowski appealed from his sentence in May 2005.

{¶ 5} On appeal, Pianowski's convictions were affirmed, but his sentence was declared to be void, and was vacated because of the unconstitutionality of the RVO statute, former R.C. 2929.14(D)(2), under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *See State v. Pianowski*, 2d Dist. Montgomery No. 21069, 2006-Ohio-3372. As a result, Pianowski's case was remanded to the trial court for resentencing.

{¶ 6} On July 14, 2006, the trial court resentenced Pianowski to a prison term of 18 years, after removing the five-year sentence for the RVO specification. At the resentencing hearing, Pianowski asked if his trial counsel could file a notice of appeal of the sentence imposed on remand. Transcript p. 6, ln. 21-25. His trial counsel responded, "Sure." *Id*. at p. 7, ln. 2.

{¶ 7} Approximately one year later, on July 10, 2007, Pianowski filed a motion for leave to file a delayed appeal from the sentence imposed on remand. On August 21, 2007, we overruled the motion and dismissed the appeal.

{¶ 8} On February 3, 2012, Pianowski filed a petition for post-conviction relief with the trial court, alleging that his counsel was ineffective for having failed to file an appeal. Pianowski attached the relevant portion of the resentencing hearing transcript and his own affidavit to the petition.

{¶ 9} In the affidavit, Pianowski alleges that his trial counsel never contacted him about an appeal. As a result, Pianowski claims that on January 5, 2007, he sent a letter to the Montgomery County Clerk of Court asking for his appellate counsel's contact information, but

received no response. He also claimed that on May 7, 2007, he sent a second letter to the clerk's office asking for the contact information of the court stenographer who had transcribed the resentencing hearing. Pianowski wanted to contact the stenographer so that he could obtain a copy of the resentencing hearing transcript to attach to his petition for post-conviction relief. Pianowski alleges that the clerk's office never responded to the second letter, and that between September 2007 and July 2011, he sent thirteen additional letters to the clerk's office asking for the same information. Pianowski alleges that he never received a response. Pianowski attached each letter he allegedly sent to the clerk's office to his petition for post-conviction relief. Eight of the attached letters are original copies.

{¶ 10} Pianowski's affidavit also alleges that in October 2011, Pianowski requested his sister to assist him in locating the court stenographer. His sister allegedly located the stenographer, and Pianowski claims that he received a copy of the resentencing hearing transcript in November of 2011. Pianowski claims that he could not file his petition for post-conviction relief until February 3, 2012, because he had difficulty getting his affidavit notarized while in prison.

{¶ 11} On August 14, 2012, the trial court dismissed Pianowski's petition for post-conviction relief. The trial court did not analyze the timeliness of the petition, but instead found that Pianowski had failed to establish substantive grounds for relief as required by R.C. 2953.21(C). Specifically, the trial court found that Pianowski failed to establish how he had been prejudiced. Pianowski then appealed the trial court's decision dismissing his petition for post-conviction relief.

## II.  Did the Trial Court Err in Dismissing the Appellant's
## Petition for Post-Conviction Relief?

{¶ 12}   Pianowski's sole assignment of error states that:

The Trial Court Abused its Discretion, and Violated Appellant's Due Process Rights to a Fair and Impartial Tribunal Under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, of the Ohio Constitution, When it Unreasonably, Arbitrarily, and Unconscionably Denied and Dismissed His Post-Conviction Petition.

{¶ 13}   Under this assignment of error, Pianowski claims that the trial court erred when it found that he failed to establish prejudice in support of his ineffective assistance of counsel claim.   Pianowski argues that prejudice is presumed in cases where counsel fails to file a notice of appeal.   Accordingly, Pianowski argues that he had substantive grounds for post-conviction relief.

{¶ 14}   We review the trial court's denial of a petition for post-conviction relief under an abuse of discretion standard.   *State v. Bates,* 2d Dist. Clark No. 2009 CA 106, 2010-Ohio-3440, ¶14, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 52. The trial court's decision must be "unreasonable, arbitrary or unconscionable" to be considered an abuse of discretion.   *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157,161, 553 N.E.2d 597 (1990).

{¶ 15}   We will first address whether Pianowski's petition for post-conviction relief was timely, and then address whether the trial court abused its discretion in dismissing Pianowski's petition for lack of substantive grounds.

A. Timeliness of Appellant's Petition for Post-Conviction Relief

{¶ 16}    R.C. 2953.21 and 2953.23 govern petitions for post-conviction relief.    Section (A)(2) of R.C. 2953.21 sets forth a 180-day time limitation for filing petitions.    The statute specifically states that:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.  If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.   R.C. 2953.21(A)(2).

{¶ 17} As we discussed in *State v. Wells*, 2d Dist. Champaign No. 2010 CA 5, 2010-Ohio-3238:

> The trial court lacks jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)(1)(a). *State v. West*, Clark App. No. 08 CA 102, 2009-Ohio-7057, ¶ 7.  Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for post-conviction relief (1) if he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) if the United States Supreme Court recognizes a new right that applies retroactively to his situation. *Id*.  "The phrase 'unavoidably prevented' means that a defendant was unaware of those

facts and was unable to learn of them through reasonable diligence." *State v. McDonald*, Erie App. No. E-04-009, 2005-Ohio-798, ¶ 19. If one of these conditions is met, the petitioner must then also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b). *Wells* at ¶ 10.

{¶ 18}  In this case, Pianowski filed his petition for post-conviction relief on February 3, 2012, approximately five years after the 180-day deadline set forth in 2953.21(A)(2).  Pianowski concedes that his petition is well outside the time limit.  Defendant's Post-Conviction Petition (Feb. 3, 2012), Docket #3, p. 5.  However, Pianowski argues that he was permitted to file a petition out of time under R.C. 2953.23(A)(1), because he was unavoidably prevented from obtaining a transcript of the resentencing hearing, which he needed in order to file his petition for post-conviction relief.

{¶ 19}  In *State v. Martin*, 2d Dist. Montgomery No. 20024, 2004-Ohio-73, we held that a defendant was unavoidably prevented from timely filing a petition for post-conviction relief within the meaning of R.C. 2953.23(A)(1)(a) based on the fact that the defendant was unable to timely obtain affidavits from alibi witnesses which were necessary to attach to the defendant's petition. *Id*. at ¶ 15-16.  The defendant lost contact with the alibi witnesses while incarcerated, and was unavoidably prevented from timely filing because "he could not have obtained the affidavits from the alibi witnesses sooner."  *Id*. at ¶ 16.

{¶ 20}  Unlike the defendant in *Martin*, Pianowski could have obtained the resentencing hearing transcript sooner than what he did, as he did not use reasonable diligence when

attempting to obtain it. Pianowski claims that it took him four years to obtain a copy of the transcript because he did not know the name of the court stenographer who transcribed the resentencing hearing. In an attempt to obtain the court stenographer's information, Pianowski allegedly wrote fourteen letters to the clerk's office. Pianowski allegedly sent the same letter to the clerk's office over and over again to the same address, requesting the same information for four years despite never receiving a response. Pianowski did not request outside assistance from another person until October 2011, when he asked his sister to locate the stenographer four years after the resentencing hearing. Pianowski received the transcript a month later in November 2011. The record does not indicate any reason why Pianowski could not have obtained outside assistance any earlier than October 2011. Accordingly Pianowski's attempts at obtaining the transcript were not reasonably diligent. Additionally, a majority of the letters he allegedly sent are not credible, as eight of the letters attached with Pianowski's affidavit are original copies.

{¶ 21} Pianowski also failed to use reasonable diligence when it came to following-up with appellate counsel regarding his notice of appeal. Pianowski waited until January 5, 2007, six months after his resentencing hearing, before attempting to contact appellate counsel about his appeal. The alleged delay in discovering the fact that a notice of appeal had not been filed was due to Pianowski's own inaction. Furthermore, Pianowski should have realized an appeal was not filed prior to the 180-day deadline for post-conviction relief since he received no filings or correspondences regarding an appeal.

{¶ 22} Because Pianowski failed to use reasonable diligence, he was not unavoidably prevented from timely filing his petition for post-conviction relief, and his untimely petition is not excused under R.C. 2953.23(A)(1)(a). Since Pianowski failed to show he was unavoidably

prevented from timely filing, we need not consider the second factor set forth in R.C. 2953.23(A)(1)(b). The trial court therefore lacked jurisdiction to consider Pianowski's petition, and should have dismissed it based on its untimeliness.

### B. Substantive Grounds for Post-Conviction Relief

{¶ 23}  Even if Pianowski's petition for post-conviction relief were timely, the trial court did not abuse its discretion when it dismissed Pianowski's petition for lack of substantive grounds for relief based on ineffective assistance of counsel.

{¶ 24} To succeed on a claim of ineffective assistance of counsel, "it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different." *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31, citing *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In other words, Pianowski was required to "show that his attorney's performance was deficient, and that the deficient performance prejudiced him." *State v. Slaughter*, 2d Dist. Montgomery No. 25270, 2013-Ohio-1824, ¶ 18, citing *Strickland* at 687.

{¶ 25} There is no question that the performance of Pianowski's counsel was deficient, as the failure to file a notice of appeal through inadvertence "clearly falls 'outside the wide range of professionally competent assistance.' " *Kitchen v. United States*, 227 F.3d 1014,1020 (7th Cir. 2000), quoting *Strickland* at 690. "Merely demonstrating deficient performance, however, is not enough to succeed on an ineffective assistance claim." *Id*. Pianowski must also establish that the deficient performance prejudiced him in some way. *Slaughter*, 2d Dist. Montgomery

No. 25270, 2013-Ohio-1824, at ¶ 18, citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

**{¶ 26}** Pianowski relies on *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998) for the proposition that "[p]rejudice must be presumed" in cases where counsel fails to file a direct appeal after a defendant requests counsel to do so. *Id.* at 459.

**{¶ 27}** In *Kitchen,* 227 F.3d 1014 (7th Cir. 2000), the Seventh Circuit of the United States Court of Appeals reviewed the same argument under a similar set of circumstances. The defendant in *Kitchen* was convicted for possession of cocaine and being a felon in possession of a firearm, and was sentenced to 15 years in prison. *Id.* at 1016. The defendant filed a timely notice of appeal from his conviction and sentence, and the Seventh Circuit affirmed the firearm conviction, but found that the evidence was insufficient to sustain the cocaine charge. *Id.* at 1016-1017. During the pendency of the appeal, the defendant filed a motion for new trial on the basis of newly discovered evidence. *Id.* at 1017. The motion for new trial was denied, and the defendant wanted to appeal the denial, but his counsel inadvertently failed to file a notice of appeal. *Id.* The defendant subsequently filed a motion for post-conviction relief on grounds of ineffective assistance of counsel. *Id.* The district court denied the motion on grounds that the defendant failed to establish that he had been prejudiced by his counsel's failure to file a notice of appeal. *Id.* The Seventh Circuit granted the defendant a certificate of appeallability on this issue. *Id.*

**{¶ 28}** On appeal, the defendant in *Kitchen* argued that his case was analogous to *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct.1029, 145 L. Ed. 2d 985 (2000), in which the United States Supreme Court held that prejudice is presumed when counsel fails to file a notice of

appeal. *Kitchen* at 1020-21. The Seventh Circuit ultimately rejected this argument, as it found that *Flores-Ortega,* and other similar cases that presumed prejudice, were distinguishable. The court in *Kitchen* stated that:

> [I]n those cases in which the Supreme Court, as well as this and other circuits, have presumed prejudice from the failure to file a notice of appeal, defendants have had *no* assistance of counsel for *any* issues. *See Flores-Ortega*, 120 S.Ct. at 1033; *Castellanos*, 26 F.3d at 718. *See also, e.g., Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998); *Morales v. United States*, 143 F.3d 94, 97 (2d Cir.1998). *Cf. Penson*, 488 U.S. at 78-79, 109 S.Ct. 346 (defense counsel withdrew prior to appeal). Therefore, a presumption of prejudice has arisen when the defendant was hampered by "the *complete* denial of counsel," *Flores-Ortega*, 120 S.Ct. at 1038 (emphasis added), meaning that "the defendant *never* receive[d] the benefit of a lawyer's services in constructing potential appellate arguments," *Castellanos*, 26 F.3d at 718 (emphasis added). When "[n]o one has looked at the record with an advocate's eye," id., possible arguments on appeal are not even identified by an attorney, and it would be difficult for a court to evaluate the likelihood of success on appeal when the potential issues on that appeal were never identified. (Citation omitted.) *Kitchen,* 227 F.3d at 1020-1021 (7th Cir. 2000).

**{¶ 29}** The Seventh Circuit determined that the cases which presumed prejudice, including *Ludwig*, did not apply to the defendant in *Kitchen* because the defendant had previously filed a timely notice of appeal from his conviction and sentence, and his counsel argued several

issues before the court on direct appeal. *Id.* As a result, the court could not "characterize such a situation as one in which [the defendant] was 'abandoned' by his attorney or the denial of counsel on appeal was 'complete.' His attorney's deficient performance did not 'deprive * * * [defendant] of the appellate proceeding altogether.' " *Id*. at 1021, quoting *Flores-Ortega* at 1038. Accordingly, the Seventh Circuit went on to conduct the prejudice analysis set forth in *Strickland*. *Id*. at 1022.

**{¶ 30}** The present case is analogous to *Kitchen* in that Pianowski previously filed a timely notice of appeal of his sentence. His attorney also argued the first appeal, which successfully reduced Pianowski's sentence. Like the defendant in *Kitchen*, Pianowski was not deprived of the appellate proceeding altogether. Therefore, the trial court correctly determined that the prejudice prong of the *Strickland* test should not be presumed in this case. As a result, Pianowski had the burden to establish that he was prejudiced. *State v. Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627, ¶ 32, citing *Strickland* at 668. (Other citation omitted.)

**{¶ 31}** Pianowski did not state how he was prejudiced by his counsel's failure to file a notice of appeal. He merely argued that prejudice was presumed. Because prejudice is not presumed, and because Pianowski failed to state how he was prejudiced, he cannot satisfy the second prong of the *Strickland* test. As a result, his ineffective assistance of counsel claim fails, leaving no substantive grounds for post-conviction relief. Therefore, the trial court did not abuse its discretion when it dismissed Pianowski's petition for lack of substantive grounds.

**{¶ 32}** Pianowski's sole assignment of error is overruled.

### III.   Conclusion

**{¶ 33}**    Having overruled Ted A. Pianowski's sole assignment of error, we affirm the trial court's decision dismissing his petition for post-conviction relief.

. . . . . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Joseph R. Habbyshaw
Ted A. Pianowski
Hon. Michael W. Krumholtz (for Judge Price-Testerman)